### GATES and others *v.* SMITH and others.

---

On a master's sale, the buyer, in equity, becomes the owner from the day the report of sale is confirmed; and the premises are, then, at his risk, even though he has not received a deed.

A loss by fire, after such confirmation and before deed, falls upon the buyer; but not so where the loss is prior to a confirmation of the master's report.

Where, in a partition suit, the buyer is one of the heirs in interest and an insurance has been had of the premises in the names of all the heirs and a fire destroys the buildings on the property after the time of sale as well as after a confirmation of the master's report of sale, but before a conveyance: *Held,* that the buyer, paying his full purchase money, was entitled to the benefit of the policy.

---

*July* 13,
1846.

*Master's
sale.
Order of
confirma-
tion.
Vendor
and pur-
chaser.
Insurance
money.
Loss by
fire on pre-
mises sold
and not
conveyed.*

THE present suit was for partition of real estate, embracing premises at the north-easterly corner of Beaver street and New street in the city of New York.

On the tenth day of April in the year one thousand eight hundred and forty-five, a decree for sale was entered; and, on the thirtieth day of May thereafter, the above premises were sold thereunder by master Cambreleng to one of the complainants, Ann Nisbet, for eight thousand five hundred dollars. The master made his report of sale; and on the tenth day of July thereafter an order of confirmation was entered. Before any deed for the said premises was prepared or executed and on the nineteenth day of the same July, a two story brick front house and a brick addition in the rear, (standing at the time of the sale) were destroyed by fire; but these buildings had, prior to the sale, been insured against loss or damage by fire to the amount of two thousand five hundred dollars by the East River Mutual Insurance Company in the city of New York. The persons in whose favor the policy was made were " Martha Gates, Mary Smith, Elizabeth Smith and Ann Nisbet, executrixes of Gerardus Smith and the heirs of Gerardus Smith, deceased." These persons were the interested parties in the present suit—the bill being filed to partition the

property of their ancestor, the said Gerardus Smith deceased.

The defendant Ann Nisbet (and who, as it is seen, became the purchaser) alone sent in preliminary proof of loss; but the insurance company required an affidavit of the loss from all the parties named in the policy; and, also, authorities from the others allowing Ann Nisbet to adjust and settle the loss. The complainant Martha Gates consented, but the defendants Mary Smith and Elizabeth Smith refused.

Ann Nisbet, as purchaser, claimed to have the right to the amount of loss under the policy paid to her; and she presented a petition for the purpose of compelling them to unite in obtaining it.

There was, also, a motion against Mary Smith and Elizabeth Smith for an attachment for not signing a paper authorizing a settlement of the claim by the master, &c.; and a cross motion to compel Ann Nisbet to complete her purchase irrespective of the insurance money.

Mr. *B. F. Butler*, for the defendants Mary Smith and Elizabeth Smith.

Mr. *W. N. Dyckman* and Mr. *John Wallis* for Ann Nesbit.

THE VICE-CHANCELLOR :—From the time when the master's report of sale became confirmed, and which was on the tenth day of July one thousand eight hundred and forty-five, Mrs. Nesbit became the owner of the house and lot, although no deed was executed conveying the property to her.

*Sept. 30.*

The legal title could not vest in her without a deed of conveyance. In strictness of law, it was not a sale, but only a contract of sale until consummated by a conveyance of the legal title and estate: *Edwards* v. *Farmers' Loan Co.*, 21 Wend. 468; S. C. 26 Ib. 541.

In equity, however, it is regarded differently as to all the purposes of ownership, so that the buildings, after confirmation of the report of sale, are considered at the risk of

the purchaser; and, if burnt down, the loss falls upon him. But, if destroyed after the contract of sale and before its confirmation by the court, the vendor or he in whose behalf the property is sold bears the lost. This is the rule in the English chancery with respect to judicial sales : *Ex parte Minor*, 11 Ves. 559. I see no reason why it should not be the rule here in sales under .decrees which require confirmation before deeds can be given.

So, in ordinary cases of sales by private contract of parties. It is held in England that, if the purchaser agrees to accept the title after the abstract has been furnished, he, from that moment, becomes the owner ; and if buildings are destroyed before actual conveyance, it is the purchaser's loss. This was held in *Paine* v. *Meller*, 6 Ves. 349, where Lord Eldon uses this language : " As to the mere effect of the accident itself," (which was a burning of the houses after the defendant had declared himself satisfied with the title and before the deed could be executed to him,) "no solid objection can be founded upon that simply, for if the party, by the contract, has become, in equity, the owner of the premises, they are his to all intents and purposes. They are vendible as his; chargeable as his; capable of being incumbered as his ; they may be devised as his ; they may be assets; and they would descend to his heirs." This is the true and correct doctrine of a court of equity. And applying it to the present case, Mrs. Nesbit was the owner of the house and lot to all intents and purposes on the nineteenth day of July one thousand eight hundred and forty-five, when the fire occurred, although not yet vested with the legal title.

Not having effected any other insurance after she became, thus, the owner and although she did not stipulate in her contract for an assignment of the policy then covering the house, yet, in equity and as a matter of justice between her and her co-tenants, she ought to have the benefit of the policy. And this court, having still the control of the proceedings in this partition suit and of the sale made under its decree, can regulate this matter between them and compel justice towards each other.

It is unequitable and unjust that these parties, Mary and

Elizabeth Smith, should undertake to withhold from Mrs. Nesbit the benefit of the policy of insurance, provided she pays, as they require her to do, the full price at which she bought the property with the house standing.   They make a motion to compel her to complete the purchase; and, yet, seek to deprive her of the value of the house.   Can they expect her to pay what she bid for the property and receive, for themselves, in addition, the full value of the buildings which have been actually destroyed?

There seems to me a clear, natural equity to the contrary; and I consider that it is competent for the court, while it has the subject matter of this sale under its charge, to direct what they shall do to carry the sale into effect without injustice to any party.   Mary and Elizabeth Smith must be made to do whatever is in their power to do in order to give Mrs. Nesbit the full benefit of the policy of insurance.   If they cannot, as the matter now stands, conscientiously make their affidavit of interest in the premises insured at the time of the loss by fire, so as to satisfy the terms of the policy and enable the claim for loss to be properly made, the court, by its order, can easily restore them to that interest by reducing the purchase money to be paid by Mrs. Nesbit from eight thousand five hundred dollars to six thousand dollars. This will give them an interest in the insurance money which is two thousand five hundred dollars to make up the full price that Mrs. Nesbit was to pay.

If, after the necessary preliminary proofs are furnished, a suit on the policy shall have to be brought, they must give their authority or consent to be plaintiffs in such suit, being indemnified; and should the claim upon the policy fail and the money not be recovered without any fault of Mary Smith and Elizabeth Smith, I do not see after all but the loss of the building will have to be borne solely by Mrs. Nesbit as the purchaser and owner and she will, ultimately, be obliged to pay the whole purchase sum of eight thousand five hundred dollars.

Ordered, that the defendants Mary Smith and Elizabeth Smith unite with the complainant Martha Gates and the petitioner Ann Nisbet in authorizing and empowering Stephen Cambreleng, Esquire, one of the masters of this court,

GATES
v.
SMITH.

1846.

to settle and adjust with the East River Mutual Insurance Company in the city of New York and to claim, collect and receive from the said company the loss occasioned by the destruction by fire, on the nineteenth day of July last past, of the two story brick front house and brick addition in the rear known as No. 15 Beaver street, corner of New street, New York, which said buildings were insured by the said company against loss or damage by fire by their policy dated, &c. in the names of the above named, &c. And, for that purpose, that the said defendants Mary Smith and Elizabeth Smith duly execute such written authority to be approved by the said Stephen Cambreleng as may be necessary to be executed by them; and that they make the necessary and proper affidavit or affidavits and statement of the loss which may be required and which the said Stephen Cambreleng shall advise to be proper to enable him to claim, collect and receive the amount of loss upon the said policy of insurance from the said insurance company. And it is further ordered that, on the receipt of the money from the said insurance company, the said master make a report thereof to this court, to the end that this court may, then, proceed to determine the rights of the parties to the said fund and how the same shall be disposed of. And it is further ordered that all other questions and all further directions on the said petition and the opposing affidavits be reserved until the coming in of the said report.