## Summers *v.* Burtis.

A testator gave to his wife during widowhood the use of all the houses and lands that he thereby gave to his daughter J. W : "*Item, I give unto my beloved davghter J. W. my house and lot of land where I now live, which she is to have after her mother's decease or day of marriage, bounded as follows* (describing them by metes and bounds) *containing within said bounds* 20 *acres more or less. Also one piece of woodland lying near N. bounded* (describing it likewise by metes and bounds) *containing within said bounds* 10 *acres more or less to her and her heirs for ever after her mother's decease or day of marriage.*" The question was whether the daughter took a fee or life estate in the house and lot as well as in the woodland. *Held,* that she took a fee in both; that there is but one gift although there are two properties and the words "*to her and her heirs for ever*" apply to both of the latter.

Neither of the words *assigns* nor *for ever* are necessary to carry a fee. The word *heirs* alone will secure it.

### Bill for specific performance.

*Oct.* 21,
1848.

*Specific
perform-
ance.*
*Will.*
Words
"*Heirs.*"
"*Assigns.*"
"*For
ever.*"

John Weeks, the father of the plaintiff, died prior to the seventh day of April one thousand seven hundred and eighty-one seized in fee simple of a certain house and lot of land (containing about twenty acres) in the occupation of the plaintiff and also of a piece of woodland of ten acres, all in the town of Oysterbay in the county of Queens. He had made his will, attested so as to pass real estate. In it he bequeathed to his wife Rebecca Weeks " the use of all the houses and lands that I give to my daughter Jane Weeks, during her widowhood, and all my household furniture," &c. " all which I give to her in lieu of her right of dower. Item, I give unto my beloved daughter Jane Weeks my house and lot of land where I now live, which she is to have after her mother's decease or day of marriage, bounded as followeth (*giving metes and bounds*), containing within said bounds twenty acres more or less. Also one piece of woodland lying near Norwich, bounded" &c., "containing within said bounds ten acres more or less, *to her and her heirs for ever after her mother's decease or day of marriage.*" Item, I give unto my son Augustine Weeks and to his heirs and assigns for ever that piece of meadow ground and swamp bounded" &c.

That Rebecca Weeks, the widow of the testator and the mother of the plaintiff, died in the month of March one thousand eight hundred and one.

The plaintiff and the defendant, on the sixth day of April in the year one thousand eight hundred and forty-eight, came to an agreement in writing for the sale and purchase of the house and lot devised as aforesaid to the former.

The defendant, under the advice of counsel, declined to accept the deed and refused to comply with his agreement, raising questions against the title—a principal one was whether the plaintiff was seized in fee under the will of her father.

A written stipulation had been entered into between the attorneys in the cause that no testimony be taken and that the court should only take the single question of the validity of the plaintiff's title under her father's will?

Mr. *William S. McCoun*, for the plaintiff.

Mr. *Edwards Pierpont*, for the defendant.

*The Court.* McCOUN, JUSTICE :—On the sixth of April one thousand eight hundred and forty-eight an agreement in writing was entered into between the plaintiff and the defendant in this suit, by which the former agreed to sell and the latter agreed to purchase a tract of land in the village of Oysterbay in the county of Queens, at the price of sixty-five dollars per acre, which, upon a survey, was found to contain about twenty-four acres and a half. On the twelfth of May one thousand eight hundred and forty-eight the plaintiff tendered to the defendant a deed, conveying the land to him; and which contained the usual full covenants of seisin and warranty. This deed the defendant, under the advice of counsel, refused to accept, on the ground of a doubt in regard to the plaintiff's having a title in fee to the property.

The bill is filed in this cause to compel a specific performance of the contract. It sets forth the will of John Weeks the father of the plaintiff, dated the thirteenth day of March one thousand seven hundred and eighty, executed

VOL. IV.—92

in due form of law to pass the title to real estate ; and also the death of the testator, sometime between the date of the will and the seventh day of April one thousand seven hundred and eighty-one, when it was proved · in the surrogate's office. The plaintiff insists that, by the will, she has an absolute estate in fee in the land which she contracted to sell.

The defendant, by his answer, raises the question, whether she has anything more than a life estate ? The cause has been heard on the bill and answer and a stipulation between the respective solicitors, presenting that single question.

By the will, the testator, in the first instance, gives to his wife Rebecca, during her widowhood, the use of all the houses and lands that he thereby gives to his daughter Jane Weeks. The will then proceeds as follows :—" *Item*, I give unto my beloved daughter Jane Weeks my house and lot of land where I now live, which she is to have after her mother's decease or day of marriage, bounded as follows" (describing it by metes and bounds) " containing within said bounds twenty acres more or less. Also one piece of woodland lying near Norwich, bounded," &c. (describing it likewise by metes and bounds) "containing within said bounds ten acres more or less, to her and her heirs for ever, after her mother's decease or day of marriage." It is admitted that Jane Weeks, the above named devisee and Mrs. Summers the plaintiff are one and the same person ; and that the homestead described in the will as containing twenty acres more or less comprises the premises which were the subject of the sale to the defendant ; and that her mother, Rebecca, the testator's widow, died in the year one thousand eight hundred and one, since which time the plaintiff has been in the actual possession and enjoyment of the property.

The devise to the plaintiff by this will is the devise of a remainder both in the homestead and the wood lot—that is to say, it is an immediate gift to her, but she is only to take and have the actual possession of the property at the expiration of the particular estate which is given to the mother to be first enjoyed by her during widowhood. But what

estate in remainder does the plaintiff take ?  Is it a fee—or, only for her life ?

This question depends entirely on the application and meaning of the words *" to her and her heirs for ever :"* for they are clearly words sufficient, in law, to carry the fee or absolute ownership in the property to which they relate to the person named as devisee.  The only point of inquiry here is, do the words apply to the devise of the homestead or is their application confined to the gift of the ten acres of woodland ?  In order to ascertain this point, we have only to look at the devising clause of the will in which they occur. Both pieces of property are given by one and the same devising clause.  It begins thus : *" Item,* I give unto my daughter Jane  my house and lot of land where I now live, &c.  Also one piece of woodland" &c.  There is no reiteration of *" Item,* I give" as immediately connected with the ten acre wood lot.  There are not, in fact, two separate gifts.  There is but one gift, though it be of two separate and distinctly described pieces of land ; and there can be no doubt of the testator's intention to give them both in the same manner and to be held by the same tenure.  Therefore, the words " to her and her heirs for ever" are as clearly and emphatically applicable to the gift of the homestead as they are to the woodland ; and in relation to both they carry the fee beyond all peradventure.  I have looked into the authorities which were cited by the defendant's counsel on the argument and cannot discover that they have any bearing on the point immediately involved.  They are cases which only go to show that, if there were no such words as *to her and her heirs* in the devise, Mrs. Summers would take but a life estate.

My attention has been called to the circumstance in this will, that the devise to the testator's son Augustine, immediately following that to his daughter Jane, is expressed to be to him " and to his heirs and assigns for ever ;" and it is suggested, whether omitting to use the word " assigns" in the previous clause, the testator did not intend to qualify the gift to her in some way, instead of giving a fee simple, as he did to Augustine.  Indeed, the suggestion has been carried so far as to suppose that he may possibly have intended

to include her children under the description of "heirs" and to make them partakers with her of the property, creating a joint tenancy or a tenancy in common between her and them. There is not the least color in the law for giving any such construction or meaning to the word "heirs." That word does not denote that her children are to take any thing under this will in the character of devisees. Nor are the words "to her and her heirs" of any less effect in passing the fee and of enabling her to sell and dispose of the property than if it had been expressed "to her and her heirs and assigns for ever." The words "assigns" and "for ever" are neither of them necessary to the conveyance of an estate in fee—and when the limitation is extended to *heirs* generally, the grantee or devisee has an estate in fee simple, although the word "assigns" and the words "for ever" be omitted: 2 Preston on Estates, 3.

In no view of this case can there be a doubt of Mrs. Summers's entire and absolute ownership of the property under the will of her father and of her competency to convey a good title to the defendant. She is, therefore, entitled to a decree for a specific performance of the contract.