ROBERT V. V. SEWELL, Appellant, *v.* ADELIA S. UNDERHILL, Respondent.

**Real property — vendor and purchaser — when loss by fire before delivery of deed must fall on vendee.**

A loss by fire, or other accident, not due to the fault of the vendor, must fall upon the purchaser when the title is satisfactory and the contract is, therefore, capable of being specifically performed by the vendor.
*Sewell* v. *Underhill*, 127 App. Div. 92, affirmed.

(Argued December 2, 1909; decided January 4, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 16, 1908, which affirmed a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Everett B. Abbott* for appellant. When, between the making of a contract for the sale of real property and the delivery of the deed, the building upon the premises is destroyed by fire, the loss falls upon the vendor. (*Clinton* v. *H. Ins. Co.*, 45 N. Y. 454; *Goldman* v. *Rosenberg*, 116 N. Y. 78; *List-*

*man* v. *Hickey*, 143 N. Y. 630; *Smith* v. *McCluskey*, 45 Barb. 610; *Wickes* v. *Bowman*, 5 Daly, 225; *Aspinwall* v. *Balch*, 4 Abb. [N. C.] 193; *Harrigan* v. *Golden*, 41 App. Div. 423; *Mott* v. *Coddington*, 24 N. Y. Super. Ct. Rep. 267; *Marsh* v. *Johnston*, 125 App. Div. 597.)

*George B. Stoddart* and *Charles R. Weeks* for respondent. When, between the making of a contract for the sale of real property and the delivery of the deed, the building thereon is destroyed by fire, the loss falls upon the vendee in possession. (*Herring* v. *Hoppock*, 15 N. Y. 409; *Hasbrouck* v. *Lounsbury*, 26 N. Y. 599; *Wicks* v. *Bowman*, 5 Daly, 225; *Mott* v. *Coddington*, 24 N. Y. Super. Ct. Rep. 267.) The vendee being in equity the absolute owner of the premises, equity, law and principle unite in placing the loss upon him. (*Elterman* v. *Hyman*, 192 N. Y. 113; 2 Pom. Eq. Jur. § 859.) The appellant having entered into possession of the premises he contracted to purchase before the delivery of the deed, became the equitable owner in fee of said premises with all the rights of said owner. He ceased to be the tenant of said premises. (*B. B. R. Assn.* v. *H. Ins. Co.*, 47 Misc. Rep. 179; *Tompkins* v. *Hyatt*, 28 N. Y. 347; *Viele* v. *T. & B. R. R. Co.*, 20 N. Y. 188; *Ætna F. Ins. Co.* v. *Tyler*, 16 Wend. 395; *Honsee* v. *Hammond*, 39 Barb. 89.) The appellant had an insurable interest in the premises destroyed by fire. (*Pelton* v. *W. F. Ins. Co.*, 77 N. Y. 607; *McKechnie* v. *Sterling*, 48 Barb. 330.)

GRAY, J.  The plaintiff and defendant had entered into an agreement for the sale by the latter, and the purchase by the former, of a parcel of land at the price of $25,000. The sum of $5,000 was paid by the plaintiff, upon the execution of the contract. The balance was to be paid by the execution of the purchaser's bond for $20,000, secured by a mortgage upon the property. At the time when the title was, finally, arranged to be closed, the plaintiff had executed the bond and mortgage and the defendant had executed the deed, which the contract

called for; but it was deemed desirable by the parties that a map should be filed with the deed, to which that instrument, and the mortgage made reference, and the formal delivery of these instruments was deferred. It was arranged that the defendant's attorney should hold the deed and the mortgage, until the plaintiff furnished him with a copy of the map; whereupon he was to effect the delivery of the instruments, by formally recording them. After this arrangement was made, and before the map was furnished, a house, which was standing upon the land, was destroyed by fire, without fault on either side. Thereafter, the map having been delivered to the defendant's attorney, he recorded the instruments. The plaintiff had entered into possession of the premises under the contract, as vendee.

This action was brought by the plaintiff to recover the damage suffered by him through the destruction of the dwelling house, upon the theory that there had been a breach of the agreement, in the failure of the defendant to convey the house. Both parties moved for the direction of a verdict; the trial court determined in favor of the defendant and the Appellate Division, in the second department, has affirmed her judgment. The one question which is presented by the plaintiff's appeal, is: Should the loss, occasioned by the accidental destruction of the building upon the premises, be borne by the vendor, or the vendee. The appellant argues that, upon principle, the loss should fall upon the vendor and insists that the contrary view rests upon a rule of the English courts, which is not only unjust, but which is not to be regarded as conclusive upon us.

I think that it is too late to dispute the English rule and that we must consider it as established by decisions of the courts of this state. It was authoritatively stated by Lord Eldon in *Paine* v. *Meller*, (6 Ves. Jr. 349); departing from the rule as asserted in the earlier case of *Stent* v. *Bailis*, (2 P. Wms. 220). In *Paine* v. *Meller* the buildings were destroyed by fire before the conveyance was ready. Somewhat like the present case, there, after the acceptance of the

title, a delay occurred in the preparation and execution of the deeds. With respect to that objection of the vendee, which was grounded upon the fire, Lord ELDON said : " As to the mere effect of the accident itself, no valid objection can be founded upon that simply ; for if the party by the contract has become in equity the owner of the premises, they are his to all intents and purposes. They are vendible as his ; chargeable as his ; capable of being incumbered as his ; they may be devised as his ; they may be assets and they would descend to his heir ". This case has been, repeatedly, recognized as an authority for the rule by the courts of this state. (See *Gates* v. *Smith*, 4 Edw. Ch. 732 ; *Clinton* v. *Hope Ins. Co.,* 45 N. Y. 454 ; *Pelton* v. *Westchester Fire Ins. Co.*, 77 ib. 605 ; *Goldman* v. *Rosenberg*, 116 ib. 78 ; *McKechnie* v. *Sterling*, 48 Barb. 330 ; *Wicks* v. *Bowman*, 5 Daly, 225, and see Pomeroy's Eq. Jur. vol. 6, sec. 859.) A contrary view has been taken by courts in other states ; but the great weight of authority is in favor of the English doctrine. (See American & English Encyclopædia of Law, vol. 29 [2d ed.], p. 713, where the cases are collated.)

The case of *Clinton* v. *Hope Ins. Co.*, (*supra*), does not afford support for the contrary view ; as the appellant argues. The decision of the case turned upon its peculiar facts. The plaintiff was in possession of certain premises, under a contract for their sale, which included a mill and the machinery within it. Pending the contract, which, because of the interests of infants, required approval by the court and provided that the vendee was to hold the premises as tenant, paying rent, the mill was destroyed by fire. It was said in the opinion that " the title to the personal property did not pass by the contract. By the agreement of the parties, the vendee, at the time of the fire, held it as tenant. When it was destroyed by the fire, it was the property of the vendors ". (P. 466.) But Judge ANDREWS, who spoke for the whole court, was careful to advert to the English rule, whose protection was invoked by the vendors. "The general rule is ", he says, " that the vendee in a contract for the sale of land, is entitled

to any benefits or improvements happening to the land after the date of the contract, and must bear any losses by fire or otherwise, which occur without the fault of the vendor ".　(P. 465.) (Citing *Paine* v. *Meller.*)　In *Goldman* v. *Rosenberg*, (*supra*), to which the appellant, also, refers, the opinion, distinctly, affirms the English rule, as declared in *Paine* v. *Meller ;* but holds it inapplicable to the peculiar facts of that case.

I am unable to find that the authority of the English rule has been shaken in this state, that a loss by fire, or other accident, not due to the fault of the vendor, must fall upon the vendee, when the title is satisfactory and the contract is, therefore, capable of being specifically performed by the vendor. (See Pomeroy's Eq. Jur., vol. 6, sec. 859.)　While at law the legal title may be said to be unaffected by the contract, a court of equity regards that which is agreed to be done as actually performed.　When we apply the rule to the facts of the present case, its justice is manifest.　It will be perceived that its application is justified, not only by the theory upon which a court of equity proceeds, but by the facts, which establish that the contract, itself, had been performed and that the termination of the transaction, through a formal delivery of the instruments, was delayed as a matter of convenience, and not for any matter essential to the passing of the title.　The title was accepted and the contract was consummated, prior to the fire, and what was deferred was the matter of placing the deed and the mortgage upon the records ; a formality which it was agreed should operate as a delivery, on either side.　There is the further feature of this case that the plaintiff, as vendee, went into the possession of the premises upon the execution of the contract, not as a tenant paying rent, but as their equitable owner and entitled to their beneficial enjoyment.

For these reasons, I advise the affirmance of the judgment.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment affirmed, with costs.