HARRISON BOEHM, Plaintiff, *v.* EMMA H. PLATT, Defendant.

(Supreme Court, Kings Special Term, March, 1921.)

Contracts — sale of real property — specific performance — title — notice — rescission — lease — insurance (fire).

A contract for the sale of real property under which title was to be closed on or before June 1, 1920, upon a five days' notice from the purchaser, provided that possession was to be delivered to him at the time of the settlement subject to an existing lease which contained a clause that if the building should be rendered untenantable by fire the rent should cease until the building could be put in complete repair. On April 10, 1920, while the seller was still in possession of the premises the building thereon was substantially damaged by fire. On May 28, 1920, about two weeks after the seller's attorney had written to the attorney of the purchaser that it was not the seller's intention to commence rebuilding until the purchaser had finally indicated his decision to accept the property or rescind the contract, the seller by letter refusing to extend the time of settlement, stated in substance that inasmuch as the purchaser's time limit for giving the notice of his readiness to settle had expired, defendant considered the contract broken by the purchaser. In an action for specific performance with abatement from the purchase price on account of the damage caused by the fire, *held*, that the five days' notice was required only in case the plaintiff availed himself of the implied privilege of closing the title before June first, the law day of the con-

tract, and that defendant's repudiation of the contract by the letter of May twenty-eighth was without legal justification.

The premises having been restored by defendant at an expense concededly less than the insurance collected, plaintiff, who is willing to take the premises as they now are, was entitled as of right to a conveyance thereof, upon payment in full of the purchase price.

No provision having been made covering the contingency of the loss of rent caused by the fire, the parties in that respect should be left as they are.

ACTION for specific performance.

A. Foulds, Jr., for plaintiff.

A. Leo Everett, for defendant.

KAPPER, J. Action for specific performance of a contract for the sale of real property between plaintiff, purchaser, and the defendant, seller. The contract is dated February 17, 1920. It provides for the closing of title " on or before June 1, 1920." A subsequent clause provides that the " purchaser shall give the seller at least 5 days' notice of the time when he will be ready to make settlement." Possession was to be delivered " at the time of settlement subject to the existing lease." The lease in question contained a clause that if the building should be rendered untenantable by fire, the rent should cease until the building should be put in complete repair and in case of total destruction the rent should be paid to that time and thereupon the lease should terminate. The seller retained possession of the premises. On or about April tenth, the building on the premises was substantially damaged by fire. On May thirteenth, the defendant's attorney wrote the plaintiff's attorney that it was not the intention of the defendant to commence rebuilding until the purchaser "has finally indi-

cated his decison to accept the property or rescind the contract of sale." This was followed by a letter dated May twenty-eighth, in which the defendant refused to extend the time for settlement and stated that in as much as the time within which the plaintiff was to give notice of his readiness to settle " has gone by," the defendant considered the agreement broken " by the purchaser's failure to indicate his willingness to make settlement within the time specified." The plaintiff thereupon and on June seventh brought this action. The defendant's repudiation of the contract as evidenced by the letter of May twenty-eighth, written four days before June first, indicates that the defendant construed the contract as requiring the plaintiff to give five days' notice, in any event, of his intention and willingness to close. In this view I do not concur. The contract provided for settlement " *on or before June 1, 1920.*" No notice was required of an intention to close on that day. June first was the law day of the contract. Five days' notice was required only in case the purchaser availed himself of the implied privilege of closing before June first. Any other construction would force the conclusion that the contract was unilateral, for the purchaser might never give the notice. Therefore, the defendant's repudiation of the contract on May twenty-eighth was without legal justification and the plaintiff promptly avowed his refusal to acquiesce by bringing this action. The parties differ radically as to whether the burden of a loss by fire, occurring between the date of execution and the day of performance of an executory contract for the purchase of real property, should be borne by the seller or by the purchaser. The question has led to much diversity of judicial opinion. It has been said to be the general rule that the loss falls upon the purchaser. Many cases are cited in the note found in

27 Lawyers Reports Annotated (N. S. p. 233), also in Ruling Case Law (Vol. 27, § 293 et seq.), under the title " Vendor and Purchaser." Such is the contention of the defendant, who relies upon the case of *Sewell* v. *Underhill,* 197 N. Y. 168. An examination of that case discloses that the vendee was *in possession,* had paid the required cash consideration, had begun to pay the interest on his bond and mortgage, and had made repairs and improvements; and both the bond and mortgage and the deed had been executed. So, in the great majority of the cases where the doctrine has been asserted, it will be found that the vendee was *in possession* or had the right of possession under the contract. In *Smith* v. *Phoenix Insurance Co.,* 91 Cal. 323; 13 L. R. A. 475, the court say: " For the purpose of this decision, it is sufficient to say that no case had been cited, and we have discovered none in which the vendee has been held bound to pay the purchase price where a valuable part of the property has been destroyed before the day fixed for payment and conveyance, *unless he has taken possession under the contract of sale,* or has the right to such possession under the contract before the occurrence of the loss." My own research bears out this view, and counsel cite me no case showing otherwise. See, also, *Wicks* v. *Bowman,* 5 Daly, 225; *Smith* v. *McCluskey,* 45 Barb. 610. An executory contract usually creates dependent covenants. The vendor must convey and the vendee must pay the consideration. Each act is a condition precedent to the other. Neither party can require the other to perform without himself offering to perform. And unless the contract so provides, the vendee has no right of possession until he has paid the consideration and so performed the condition precedent. The execution of the contract of sale of itself does not give the vendee even a license to enter,

27 R. C. L. § 285; *Teller* v. *Schulz*, 123 App. Div. 883; *Fagan* v. *Scott*, 14 Hun, 162. But a vendee *in possession* has physical control of the property and is vested with all the outward indicia of ownership; the full beneficial enjoyment of the property is his. With reason, therefore, may the doctrine be asserted that a vendee should bear the loss of that which he possesses, controls and enjoys. But the doctrine does not appeal to me with equal force *where the vendor retains possession and control.* However, it does not seem to me to be necessary to decide the question in the present case. In her brief the defendant states '' upon the happening of the fire, the plaintiff had the right to demand a conveyance of the property, paying the full purchase price, and perhaps claiming the benefit of any insurance which there was upon the property.'' I assent to the proposition. This is precisely what plaintiff did. The defendant had repudiated the contract. Plaintiff immediately sued for its enforcement. He could not foresee that defendant would restore the property and he framed his complaint accordingly, asking for specific performance with abatement from the purchase price on account of the damage caused by the fire. With full knowledge of the pendency of the action and before the trial thereof, defendant restored the property at an expense concededly less than the amount of the insurance theretofore collected by her. '' Insurance on buildings burned after the making of a contract of sale belongs to the vendor, where the loss falls on him because the contract had not been executed by transfer of possession, and the validity of the title was still under investigation. So where insured property is destroyed after the making of the contract of sale, but before the payment of the purchase money and the execution of the conveyance, the proceeds of the insurance belong to the vendor as between him

and the company; but he acts as trustee for the vendee, who, upon payment of the purchase price, is entitled to the insurance money in equity.'' 5 Joyce Ins. § 3488c. Plaintiff is willing to take the premises as they now are. Defendant may not complain, for she has suffered no injury. In fact, in so far as the insurance was not exhausted in restoring the property, the defendant has benefited financially. Neither will she be heard to complain of the loss of a better bargain since made. If this be so, defendant made the better bargain with knowledge of the pendency of a suit based upon her wrongful repudiation of a valid pre-existing contract, and her action in so doing precludes her in this respect from equitable consideration. Both parties contracted with knowledge of the provision in the outstanding lease that rent should cease upon the destruction of the building by fire; they provided that taxes, water rents, interest, house rents, and premiums on fire insurance were to be adjusted as of April second. This clearly has reference to rents actually to be received. No provision was made covering the contingency of the loss of rents caused by fire. Under the circumstances presented I think the parties in this respect should be left as they are. I think plaintiff should have judgment, but without costs.

Judgment for plaintiff, without costs.