FIOR A. PELLEGRINO, Plaintiff, *v.* ORONZO GIULIANI, Defendant.

Supreme Court, Kings Special Term for Trials, March, 1922.

**Vendor and purchaser — destruction of building by wind storm before passing of title — vendee must stand loss.**

Where before the law day the building on certain premises was destroyed by a heavy wind storm the vendee in a land contract must stand the loss whether the building was included within the contract or not.

ACTION by vendee in contract for sale of land to recover of vendor for loss of buildings before passing of title, due to windstorm.

*Louis A. Brown,* for plaintiff.

*Peter J. Brancato* (*Isidor Oshlag,* of counsel; *Isidor Oshlag* and *Alexander S. Drescher* on the brief), for defendant.

Lazansky, J. The question involved in this litigation is whether the loss before the law day due to the destruction of a building on certain premises, caused by a heavy windstorm, must fall upon the vendor or the vendee under a contract of sale of the land and the building thereon. The contract provided that " the risk of loss or damage to said premises by fire until the delivery of the deed is assumed by the seller." There is, however, no provision with reference to a loss due to any other cause.

The contract price is $5,000. The value of the building was $900. In *Boehm* v. *Platt,* 115 Misc. Rep. 55, the opinion suggests that in such case the loss must fall upon the vendor. The learned justice says that his research leads him to the conclusion that the loss falls upon the vendor and not the vendee, unless the vendee has taken possession under the contract of sale or has the right to such possession before the occurrence of the loss. I would be inclined to follow the opinion of the widely experienced and keen reasoning justice without further consideration of the matter, were it not that he says in his opinion that it is not necessary to decide the question in that case. It is also stated in the opinion that research has failed to disclose a case holding that the loss falls on the vendee not in possession or having the right of possession. I think there is at least one case in this state which holds that the vendee must bear the loss even where he is not in possession. *Gates* v. *Smith,* 4 Edw. Ch. 702. There the question arose on a motion to compel a purchaser at a partition sale to complete her purchase where there was a loss by fire after the confirmation of the master's report but before the deed was delivered. While the purchaser was the plaintiff in the action, whether or not she was in possession and what her interest in the realty had been received no consideration. See, also, *Neponsit Realty Co.* v. *Judge,* 106 Misc. Rep. 445. In *Sewell* v. *Underhill,* 197 N. Y. 168, referred to by Mr. Justice Kapper, it does appear that the vendee had entered into possession of the premises under the contract. But the discussion in the case was had without consideration of that fact, except at the end of the case it was stated: " There is the further feature of this case that the plaintiff, as vendee, went into possession of the premises upon the execution of the contract, not as a tenant paying rent, but as their equitable owner and entitled to their benefic al enjoyment." But this was not the decisive feature nor one of the decisive features of the case. The court in the *Sewell* case refers to the English rule found in *Paine* v. *Meller,* 6 Ves. Jr. 349, where buildings were destroyed by fire before the conveyance was ready.

Referring to the English case the Court of Appeals say: " With respect to that objection of the vendee, which was grounded upon

the fire, Lord Eldon said: ' As to the mere effect of the accident itself no solid objection can be founded upon that simply; for if the party by the contract had become in equity the owner of the premises, they are his to all intents and purposes. They are vendible as his, chargeable as his, capable of being incumbered as his; they may be devised as his; they may be assets; and they would descend to his heir.' This case has been, repeatedly, recognized as an authority for the rule by the courts of this state. [Citing cases.] A contrary view has been taken by the courts in other states; but the great weight of authority is in favor of the English doctrine."

In *Paine* v. *Meller, supra,* there is nothing to show that the vendee was in possession. The case was not considered or decided upon that basis. As to the rule in different jurisdictions, see 27 R. C. L. 555. As to status of vendor and vendee under contract of sale of land, see *Elterman* v. *Hyman,* 192 N. Y. 113. Despite the *obiter dictum* of Mr. Justice Kapper, for whose opinion I have a profound regard, my conclusion is that according to the law of this state the vendee, whether he has taken possession of the premises or not, must stand the loss under the circumstances appearing here. That the contract here expressly provided for the sale of the building makes no difference. If it were not so provided, the building would be included. *Mott* v. *Palmer,* 1 N. Y. 564, 569. An implied warranty of continued existence is not created simply because buildings are mentioned. The plaintiff is not entitled to the relief sought and his complaint must be dismissed. No costs.

Judgment accordingly.