FELICE CAMMARATA and ROSA CAMMARATA, Plaintiffs, *v.* JOHN
MERKEWITZ and BARBARA MERKEWITZ, Defendants.

Supreme Court, Monroe Special Term, March, 1923.

Vendor and purchaser — burning of barn between time of signing con-
tract and delivery of deed — loss falls on purchaser — grantor not liable
for fraud in concealing fact of loss on passing of title.

Where prior to the delivery of the deed of conveyance of a farm a barn thereon
was to the knowledge of the grantors consumed by fire, the grantees must
bear the loss in the absence of special agreement.

Where the contingency of a fire had not been provided for in the contract to
convey and a complaint against the vendors for fraud simply alleges that they
concealed from plaintiffs that the barn had been burned, the defendants' motion
for judgment will be granted upon the ground that defendants could not be
chargeable with fraud in concealing what they were not bound to reveal.

MOTION to dismiss complaint.

*Charles E. Callahan,* for plaintiffs.

*Averill & Tompkins,* for defendants.

RODENBECK, J. The plaintiffs purchased a farm of the defendants,
and after accepting the deed completing the transaction and
entering into possession they seek to recover damages from the
defendants for fraud in not acquainting them with the fact that
a barn had burned down between the view by the plaintiffs of
the farm and the conveyance, of which fact the defendants knew.

There is no claim that the defendants had agreed to deliver the
property in the condition in which it was at the time that the
agreement to sell was made or that there were any other special
terms in the contract which modified the general rule applicable
to a purchase and sale of land and a destruction of buildings by
fire before the delivery of the deed. " The general rule in regard
to contracts for the sale of land is that the owner of the real estate
from the time of the execution of a valid contract for such sale is
to be treated as the owner of the purchase money, and the purchaser
of the land is treated as the equitable owner thereof. The vendor
is deemed in equity to stand seized in the land for the benefit
of the purchaser, and the latter, even before the conveyance to him,
can devise the same and it descends to his heir and the land which
was agreed to be sold has been turned into money belonging to
the vendor." *Williams* v. *Haddock,* 145 N. Y. 144, 150. " If the
vendor die prior to the completion of the bargain, provided there
have been no default, the heir of the vendor may be compelled to
convey and the proceeds of the land will go to the executors as

personal property." *Id.* " It is now too well established to be questioned, that the interest of a vendee in such a case in the *contract*, is *real estate*, and in case of his death, it descends to his heirs, and not to his executors or administrators; and it is devisable as real estate." *Hathaway* v. *Payne,* 34 N. Y. 92, 102. The vendee, therefore, becomes the equitable owner and in the absence of provisions in the agreement to the contrary, assumes the risk of any destruction of the buildings by fire without negligence on the part of the vendor as he receives the benefit of any enhancement in value or other advantages happening to the property. *Goldman* v. *Rosenberg,* **116** N. Y. 78, 85. " The general rule is that the vendee in a contract for the sale of land, is entitled to any benefits or improvements happening to the land after the date of the contract, and must bear any losses by fire or otherwise, which occur without the fault of the vendor." *Clinton* v. *Hope Ins. Co.,* 45 N. Y. 454, 465; Pom. Spec. Perf. (2d ed.) § 322; 39 Cyc. 1641. This is the English rule announced in *Paine* v. *Meller,* 6 Ves. Jr. 349, concerning which Judge Gray said: " I am unable to find that the authority of the English rule has been shaken in this state, that a loss by fire, or other accident, not due to the fault of the vendor, must fall upon the vendee, where the title is satisfactory, and the contract is, therefore, capable of being specifically performed by the vendor." *Sewell* v. *Underhill,* 197 N. Y. 168, 172; *Mott* v. *Coddington,* 1 Abb. Pr. (N. S.) 290; *Pellegrino* v. *Guiliani,* 118 Misc. Rep. 329; *Neponsit Realty Co.* v. *Judge,* 106 id. 445; *Gates* v. *Smith,* 4 Edw. Ch. 702; Gerard Titles (5th ed.), 500.

The fact that plaintiffs were not in possession when the fire occurred creates no distinction as the rule, in the absence of special agreement, turns upon the title and rights of the parties at the time that the agreement of sale is made and not as in the case of personal property upon the question of delivery. There are cases in which the loss is made to depend upon possession (*Wicks* v. *Bowman,* 5 Daly, 225) or the right to immediate possession under the contract (*McKechnie* v. *Sterling,* 48 Barb. 330) or upon the destruction of personal property in conjunction with the real property (*Listman* v. *Hickey,* 65 Hun, 8; affd., 143 N. Y. 630), but the great weight of authority is that, in the absence of special agreement, the equitable interest that is created by an agreement to sell casts the loss upon the vendee. 27 L. R. A. (1910, N. S.) 233. The court is bound to follow this ruling even if it does not appeal to one's sense of justice, that a person out of possession or without the right of possession with no control over the care of the property, should be obliged to pay for something the vendor is unable to deliver. If the loss would fall upon the plaintiffs under the above rule the

defendants could not be chargeable with fraud in concealing what they were not bound to reveal. The contingency of a fire should have been stipulated in the contract and not having been provided for the rule above enunciated must be applied and the complaint dismissed, with ten dollars costs.

Ordered accordingly.