FRANK BROWNELL, Respondent, *v.* THE BOARD OF EDUCATION OF THE INSIDE TAX DISTRICT OF THE CITY OF SARATOGA SPRINGS, Appellant.

**Vendor and purchaser — real property — insurance — damage to building from fire between date of sale and time for closing — when purchaser not entitled to insurance collected by vendor — when loss must be borne by vendor except as it has protected itself by insurance — purchaser may recover back amount paid on purchase price or stand on contract and recover stipulated damages — declaratory judgments, C. P. A. § 473.**

1. Insurance is a mere personal contract to pay a sum of money by way of indemnity to protect the interest of the insured, and where the insured has contracted to sell real property covered by its policy, without change in the form of the insurance being made, and before the date set for closing, without its fault, a fire destroys the building, the purchaser, who had failed to obtain other insurance, may not have the insurance money collected by the vendor. It is not part of the *res* bargained for and no trust relation exists in regard to it.

2. Where the vendor contracted to deliver the premises " in as good condition as they now are " and the parties agreed that in case of failure to perform the defaulting party should pay a stated sum as liquidated damages, the loss must be borne by the vendor, except as it has protected itself from such loss by insurance. It can neither

24

perform nor compel performance by reason of the accidental destruction of a substantial part of the premises. The purchaser may seek to rescind the contract or take the position that it is at an end for impossibility of performance and recover back the amount he has paid on the purchase price, or he may stand on the contract under the terms of which he paid such amount and claim the stipulated damages. He is not in a position to do both.

3. Declaratory judgment will be granted defining the rights of the parties under section 473 of the Civil Practice Act.

*Brownell* v. *Board of Education*, 211 App. Div. 823, reversed.

(Argued December 16, 1924; decided January 21, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department entered November 19, 1924, which affirmed a judgment in favor of plaintiff entered upon an order of Special Term granting a motion by plaintiff for judgment on the pleadings.

*John A. Slade* and *Sheridan P. Wait* for appellant. The destruction of the high school building released both plaintiff and defendant from the contract and prevented enforcement thereof by either as against the other. The loss fell upon the defendant and the plaintiff is entitled to the return of the installment paid by him upon the purchase price. (*Dexter* v. *Norton*, 47 N. Y. 62; *Kein* v. *Tupper*, 52 N. Y. 550; *Lorillard* v. *Clyde*, 142 N. Y. 456; *International Paper Co.* v. *Rockefeller*, 161 App. Div. 180; *Nitro P. Co.* v. *Agency of C. C. & F. Co.*, 233 N. Y. 294; *Clinton* v. *Hope*, 45 N. Y. 454; *Goldman* v. *Rosenberg*, 116 N. Y. 78; *Listman* v. *Hickey*, 65 Hun, 8, 10; 143 N. Y. 630; *Gould* v. *Murch*, 70 Me. 288; *Smith* v. *McCluskey*, 45 Barb. 610; *Smith* v. *Sturges*, 108 N. Y. 495; *Wells* v. *Colman*, 107 Mass. 514.) The defendant had a valuable insurable interest in the property which was not covered by the contract between the plaintiff and defendant and in which the plaintiff had no legal or equitable rights. (*Mott* v. *Coddington*, 1 Robt. 267; *Shotwell* v. *Jefferson Ins. Co.*, 5 Bosw. 247; *Brighton Beach Racing Assn.* v. *Home Ins. Co.*, 113 App. Div. 728; 189 N. Y. 526; *Berry* v. *American Central Ins. Co.*, 30 N. Y. St. Repr. 53; *Riggs* v. *C. M. Ins.*

*Co.*, 125 N. Y. 7; *Beekman* v. *Fulton Co. Farmers Ins. Assn.,* 66 App. Div. 72; *Redfield* v. *Holland Purchase Ins. Co.,* 56 N. Y. 354; *Springfield F. & M. Ins. Co.* v. *Allen,* 43 N. Y. 389; *Vigliotti* v. *Home Ins. Co.,* 206 App. Div. 398.)

*Lawrence B. McKelvey* and *Brenton T. Taylor* for respondent. From the time of the contract the vendor held the land and buildings in trust for the vendee. It necessarily follows that the insurance moneys which were collected as indemnity for the loss of a portion of that trust estate were received and held in the same trust capacity. (*Williams* v. *Haddock,* 145 N. Y. 144; *Bechrich* v. *City of North Tonawanda,* 171 N. Y. 292; *B. B. Racing Assn.* v. *Home Ins. Co.,* 113 App. Div. 628; *Thompson Yards* v. *Bande,* 30 A. L. R. 540; *Sewell* v. *Underhill,* 127 App. Div. 92; 197 N. Y. 168; *Pellegrino* v. *Giuliani,* 118 Misc. Rep. 329; *Cammarata* v. *Merkewitz,* 120 Misc. Rep. 503; *Hathaway* v. *Payne,* 34 N. Y. 92; *Neponsit Realty Co.* v. *Judge,* 106 Misc. Rep. 445.)

POUND, J. The parties seek a declaratory judgment under Civil Practice Act, section 473. Prior to September 10, 1923, the defendant board of education owned and was in possession of premises on Lake avenue in the city of Saratoga Springs on which were situate a high school building and two other small structures of comparatively little value. The building had become unsuitable or inadequate for use as a high school, and before the date specified defendant had purchased other property and was erecting thereon a new high school building. On September 10, 1923, plaintiff and defendant entered into a written contract whereby plaintiff agreed to purchase and defendant to sell the Lake avenue premises for $30,000, of which $3,000 was paid upon the execution of the contract. The balance was to be paid upon the completion of the new high school building, estimated to be about September 1, 1924, at which time a deed to the Lake avenue property and possession thereof were

to be given to plaintiff. The contract provided that the premises were to be delivered " in as good condition as they now are, natural wear excepted; " that defendant was to pay taxes and assessments during the period of its occupancy and until the delivery of the deed; and that in case either party failed to perform, the party so failing should pay to the other the sum of $3,000, which was agreed upon as liquidated damages for such failure. The contract was silent as to insurance. However, at the time of the contract and for a considerable period prior thereto defendant carried insurance on the premises and the contents thereof in substantial amounts, including $28,000 upon the high school building. This insurance was payable to defendant in the event of loss. No change in the form of the insurance was made at any time. It was continued after the contract was executed. Plaintiff did not secure other insurance. On October 26, 1923, while the premises were still in defendant's exclusive possession, a fire occurred without fault of either party which totally destroyed the roofs and interior of the high school building and practically destroyed its outer walls. Defendant by reason thereof was compelled to vacate the building, and no repairs have been made upon it. The building was considered by defendant and the insurance companies as a total loss, and defendant has received from the insurers and still retains the full sum of $28,000 insurance carried thereon. This is exclusive of other amounts of insurance received by it for loss on the building's contents.

On this state of facts plaintiff asks that the contract of September 10, 1923, be specifically performed by defendant, by a conveyance of the title to the real estate and by application of the insurance money upon the purchase price. Defendant declines to do this, but offers to return to plaintiff the $3,000 with interest paid by him upon the execution of the contract.

The courts below have held that defendant continued to hold the insurance money in place of the destroyed

building in trust for plaintiff. With this conclusion we are not in accord. The benefit of the vendor's policy belonged to the vendor, and the vendee had no claim on the insurance money. Such is the weight of English and American authority resting on *Rayner* v. *Preston* (1881) (18 Ch. Div. 1).*

The English rule has been changed by act of Parliament (1922) (12 & 13 Geo. V, c. 16, sec. 105), so as to provide that the vendee may claim the insurance money received by the vendor, subject, however, to any stipulation to the contrary. The question is unsettled in this court. When the risk of loss falls on an uninsured vendee (*Sewell* v. *Underhill*, 197 N. Y. 168), the rule in *Rayner* v. *Preston* has given some dissatisfaction. In some jurisdictions the courts have sought to follow the general and manifestly unsound reasoning of Lord Justice JAMES in his dissenting opinion to the effect that the policy is for the benefit of all persons interested in the property. Professor Vance in the note in the Yale Law Journal (see footnote), suggests that in the business world the insurance runs with the land and that the courts should give effect to that understanding. Other jurisdictions have sought so to extend the rule that the vendee becomes the beneficial owner of the land for certain purposes (*Sewell* v. *Underhill*, *supra*). as to include the insurance money. In *Millville Aerie* v. *Weatherby* (1913) (82 N. J. Eq. 455) the court says: " As purchaser under a valid contract of purchase vendee became the equitable owner of the property; in equity the property is regarded as belonging to him, the vendor retaining the legal title simply as trustee and as security for the unpaid purchase money. By reason of this equitable relation of the parties to a contract of sale of land, it has been determined

---

* See Woodruff's Cases on Insurance (2d ed. p. 223); " Risk of Loss in Equity between the Date of Contract to Sell Real Estate and Transfer of Title," by Prof. Vanneman, 8 Minn. Law Review, 127; also note on the decision below, 34 Yale Law Journal, 87.

by the great weight of American authority that money accruing on a policy of insurance, where the loss has occurred subsequent to the execution of the contract, will in equity inure to the benefit of the vendee; the vendor still retaining his character as trustee, and the insurance money in his hands representing the property that has been destroyed."

These reasons may savor of layman's ideas of equity, but they are not law. The majority of the court in *Rayner* v. *Preston* were sound in principle. Insurance is a mere personal contract to pay a sum of money by way of indemnity to protect the interest of the insured. (*Cromwell* v. *Brooklyn Fire Ins. Co.*, 44 N. Y. 42, 47, *City of Norwich*, 118 U. S. 468, 504, 505.) In common parlance the buildings are insured, but every one who stops to consider the nature of the insurance contract understands that they are not. Both in the forum and the market place it is known that the insurance runs to the individual insured and not with the land. The vendor has a beneficial interest to protect, *i. e.*, his own. The vendee has an insurable interest and may protect himself. The trustee as such has no insurable interest and can only act for the *cestui qui trust*. Plaintiff may not have the insurance money collected by defendant. It is not a part of the *res* bargained for and no trust relation exists in regard to it.

Plaintiff asks that if the relief he seeks cannot be granted, the rights of the parties be stated. In this regard the parties have by the terms of their contract taken themselves out of the old rule of *Paine* v. *Meller* (6 Ves. Jr. 349), adopted in *Sewell* v. *Underhill* (*supra*), which places the loss on the vendee when the buildings are destroyed before the transfer is made. The vendor contracted to deliver the premises " in as good condition as they now are " and the parties agreed that in case of failure to perform the defaulting party should pay the sum of $3,000 as liquidated damages. The loss must,

therefore, be borne by the defendant, except as it has protected itself from such loss by insurance. By reason of the accidental destruction of a substantial part of the premises, it can neither perform nor compel performance. (See *Wells* v. *Calnan*, 107 Mass. 514; *Libman* v. *Levenson*, 236 Mass. 221.) The purchaser may seek to rescind the contract or take the position that it is at an end for impossibility of performance and recover back the $3,000 he has paid on the purchase price, or he may stand on the contract under the terms of which he paid the $3,000 and claim the stipulated damages. He is not in a position to do both. The measure of defendant's liability in either case is the sum of $3,000.

The judgments below should be reversed and a declaratory judgment granted in accordance with opinion, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, CRANE, ANDREWS and LEHMAN, JJ., concur; McLAUGHLIN, J., absent.

Judgments reversed, etc.