ANNA R. CHARLES, Plaintiff, *v.* JOHN T. SCHEIBEL and ELIZABETH SCHEIBEL, Defendants.

Supreme Court, Onondaga County, November 30, 1926.

Vendor and purchaser — action to foreclose vendor's lien — defendants executed contract for purchase of plaintiff's premises and gave check for $300 upon execution thereof — contract recited second payment on closing of title with remainder secured by mortgage — defendants claim contract was not to become operative until their children gave consent to purchase — evidence warrants finding of valid agreement — intent of parties was that there should be immediate delivery of property for purpose of making agreement mutually binding — plaintiff, as vendor, has lien against property though defendants have made no payment and have not taken possession — plaintiff may foreclose lien or may bring action at law for purchase price — evidence — contract admissible in evidence notwithstanding mortgage recording tax had not been paid, as required by Tax Law, § 253 — payment of mortgage recording tax not required where defendants were not entitled to possession under agreement until date of delivery of deed — reopening of trial for purpose of permitting plaintiff to introduce contract in evidence, discretionary with court — plaintiff entitled to reimbursement for money which, had defendants carried out their contract, they would have been obliged to pay.

A contract, executed by the defendants for the purchase of plaintiff's premises, upon the execution of which the defendants gave their check for $300 upon which payment was stopped, which provided that another payment was to be made when title passed and that the remainder was to be secured by two mortgages, is a valid and enforcible agreement between the parties and was made by them with the intent that there should be an immediate delivery of the property for the purpose of making the agreement mutually binding and effective. A claim by the defendants that said contract did not amount to a contract of sale, for the reason that it was delivered upon the condition that it would not become operative as a contract until the defendants' children had made a further examination of the premises and consented to the purchase thereof, is not sustained by the evidence.

Accordingly, the plaintiff, as vendor, has a lien against said premises, the defendants having made no payment and having failed to take possession thereof, which she may foreclose, or she may bring an action at law for the purchase price without making a tender of the deed before suit, since, in an equity action by a vendor to enforce a lien for the unpaid purchase money, under a contract for the sale of lands, a tender before suit is not necessary. The unpaid vendor may enforce his lien without having first tendered a deed. Plaintiff's right of action accrued upon defendants' refusal to carry out the contract.

The reception in evidence of the original agreement or contract was not objectionable on the ground that the mortgage recording tax upon said premises had not been paid, as required by section 253 of the Tax Law, since the defendants, as vendees, were not entitled to possession, under the agreement of sale, until the time when final payment was to be made by them and the deed delivered by plaintiff, so that payment of the mortgage recording tax was not, therefore,

required. However, assuming that the contract was taxable, the error in admitting it was cured by the reopening of the trial for the purpose of permitting the plaintiff to again introduce in evidence said contract; said reopening was not an abuse of discretion, since the court had the discretionary power to reopen the trial in the interest of justice.

Plaintiff is entitled to recover for certain sums of money paid out, which, had defendants carried out their contracts, they would have been obliged to pay.

ACTION to foreclose a vendor's lien.

*Cregg Brothers & Rulison,* for the plaintiff.

*Stone, Phelps & Marvin,* for the defendants.

MICHAEL J. LARKIN, J. The defendants contend that no valid agreement was made and entered into; that the alleged agreement was delivered conditionally and was not to become binding until the purchase of the property met the approval of their children; that no part of the consideration of sale was paid; that defendants never entered into possession of the property and exercised no rights of ownership thereof; that the title, possession and control of the property at all times remained in plaintiff; that plaintiff surrendered no rights respecting the property; that no title was tendered to defendants and no offer to convey was made; that the contract was not recorded, and generally that defendants have no interest in the property and that there is no equitable lien to foreclose.

The parties to this action are residents of the city of Syracuse, N. Y., and on and prior to the 11th day of May, 1926, plaintiff was the owner and in possession of a certain house and premises known as No. 554 West Colvin street, in that city.

On the said date an agreement in writing was signed by the parties to this action, whereby the plaintiff agreed to sell and the defendants agreed to purchase the premises in question, together with certain fixtures and personal property therein contained, for the sum of $9,500, $300 of which was to be paid upon the signing of the contract, $2,700 on or before June 1, 1926, the time when title was to be passed, and the balance, amounting to $6,500, was to be paid by the defendants assuming and agreeing to pay two mortgages aggregating said sum.

No question of fraud or misrepresentation is involved in this litigation. It is claimed, however, on the part of the defendants that the written agreement did not rise to the dignity of a contract and did not become effective or binding for the reason that it was delivered upon the condition and with the express understanding and agreement that it would not become operative as a contract until the defendants had caused a further examination of the premises to be made and thereafter consented to accept the same;

that such examination was to be made by the children of defendants and the purchase was to be made subject to their approval and consent.

At the time of the signing of the agreement in question the defendant John T. Scheibel also signed and delivered a check in the sum of $300, payable to the order of plaintiff's real estate agent and representative, to be applied as part payment on the purchase price. The payment of this check was thereafter stopped.

There is not sufficient evidence in the record upon which to base findings of fact that the agreement in question was not to become binding upon the parties until some future event happened or transpired and that there was a conditional delivery of the contract and, therefore, that it did not become operative and binding upon the parties, but, on the contrary, the evidence warrants and justifies a finding that a valid, enforcible agreement was made and entered into by and between the parties at the time in question.

The defendants were interested in selling the home then occupied by them and the purchase of a new one. The same agency had shown defendants other properties in Syracuse which were in the market for sale.

The agreement was prepared at plaintiff's home by a representative of the real estate agency which had for sale plaintiff's property and the parties signed the agreement in his presence, and in the presence of another representative of the same agency, and was left with him, together with the check of $300, as before stated. The court is of the opinion that it was the intent of the parties that there should be an immediate delivery for the purpose of making the agreement mutually binding and operative. (*Sarasohn* v. *Kamaiky*, 193 N. Y. 203, 214.)

Immediately after the agreement was signed and delivered the defendant John T. Scheibel bought of plaintiff a small mirror and paid the sum of one dollar therefor. There were also some conversations with reference to the purchase of plaintiff's household effects by defendants and their children, the plaintiff stating that she was to sell her household effects. It also appears that the plaintiff following the date when the agreement was signed did actually sell and dispose of practically all of her household goods and effects and later did remove from the premises.

It also appears that after the refusal of defendants to carry out their part of the agreement they furnished money for the purchase of another piece of property, title to which was taken in their daughter's name.

The main and most serious question to be determined is whether plaintiff, as vendor, has a lien which may be foreclosed, the defend-

ants having made no payment and not having taken possession of the premises. The law is now firmly settled and established that upon and from the time of the execution of a contract for the sale of land the vendor becomes a trustee of the land for the benefit of the purchaser, retaining a lien for the purchase price, and the vendee becomes the equitable owner of the land. (*Williams* v. *Haddock*, 145 N. Y. 144, 150; *Elterman* v. *Hyman*, 192 id. 113; *Occidental Realty Co.* v. *Palmer*, 117 App. Div. 505, 506; affd., 192 N. Y. 588; *Brownell* v. *Board of Education*, 123 Misc. 64; affd., 211 App. Div. 823; revd. on other grounds, 239 N. Y. 369.)

The lien of an unpaid vendor is good against a vendee and against the whole world, unless waived by the vendor or defeated by alienation by the vendee to a purchaser for value and without notice. (*Seymour* v. *McKinstry*, 106 N. Y. 230, 239.) And a vendor's lien arises in conveyance of an equitable title in land as well as a fee conveyance or legal estate. (*Warren* v. *Fenn*, 28 Barb. 333.)

The court is of the opinion that a vendor's lien may be upheld even though the vendor remains in possession of the premises and no part of the purchase price has been paid. (*Elterman* v. *Hyman*, *supra; Troast* v. *Anjou*, 172 N. Y. Supp. 383, 385; *Brownell* v. *Board of Education*, 123 Misc. 64; affd., 211 App. Div. 823; revd. on other grounds, 239 N. Y. 369; *Pellegrino* v. *Giuliani*, 118 Misc. 329, 331.)

In 39 Cyc. 1641, it is stated: " The rule supported by the weight of authority is that since a purchaser under a binding contract of sale is in equity regarded as the owner of the property, he is entitled to any benefit or increase of value that may accrue to it, and must bear any loss, injury, or depreciation which it may sustain, unless occasioned by the negligence or default of the vendor; and if there is a valid and binding contract between the parties, the application of the rule is not affected by the fact that the purchase-price has not been paid, or that the purchaser is not in possession, or that under the provisions of the contract possession is not to be delivered until a date subsequent to that when the loss or injury occurred."

The foregoing authorities lead to the conclusion that the plaintiff had a vendor's lien, which she had a right to foreclose for the protection of her rights.

Defendants also assert that plaintiff has never tendered any title and has never offered to convey the premises. The answer to this assertion is that in an equity action by a vendor to enforce a lien for the unpaid purchase money under a contract for the sale of lands, a tender of the deed before suit is not necessary and a vendor may enforce his lien without having tendered a deed.

(*Freeson* v. *Bissell,* 63 N. Y. 168; *Thomson* v. *Smith,* Id. 301; *Troast* v. *Anjou, supra,* 385.) At the time of the trial it was shown that plaintiff still held the record title of the premises and was in a position to convey.

Plaintiff had the right to enforce her vendor's lien or bring an action at law for the purchase price. The remedies are concurrent. (*Zeiser* v. *Cohn,* 207 N. Y. 407, 421; *Mills* v. *Bliss,* 55 id. 139, 142; *Flickinger* v. *Glass,* 222 id. 404, 408; *Troast* v. *Anjou, supra.*)

In *Mills* v. *Bliss* (*supra*) the court (at p. 142) said: " An action at law might be entirely ineffectual by reason of the insolvency of the defendant or his inability to render a pecuniary compensation, while, if the equitable relief can be had, the remedy is effectual by reason of the lien which is established."

The defendants defaulted and refused to perform and it is a well-known rule of law that in such circumstances plaintiff is relieved from the necessity of making a tender. Plaintiff's right of action accrued upon defendants' refusal to carry out the contract. (*Ziehen* v. *Smith,* 148 N. Y. 558; *Grosso* v. *Sporer,* 123 Misc. 796.)

At the trial the original agreement or contract was received in evidence over defendants' objection, the court reserving decision on a motion to strike it out. The objection was that the mortgage recording tax, so called, had not been paid as required by section 253 of the Tax Law, and that under the provisions of section 258 of the same law the contract was inadmissible.

Section 250 of the Tax Law (as amd. by Laws of 1916, chap. 323), among other things, provides: " Executory contracts for the sale of real property under which the vendee has or is entitled to possession shall be deemed to be mortgages for the purposes of this article and shall be taxable at the amount unpaid on such contracts."

The defendants, as vendees, were not entitled to possession under the agreement of sale until June 1, 1926, the date when final payment was to be made by them and deed delivered by plaintiff. Payment of a mortgage recording tax was, therefore, not required. The intent and purpose of the law requiring the payment of a mortgage recording tax on contracts with right of possession undoubtedly is to prohibit the substitution of contracts of sale in the place of the usual security by way of mortgage without payment of tax.

Assuming, however, that the contract was taxable, nevertheless the error was corrected by the reopening of the trial for the purpose of permitting the plaintiff to again introduce in evidence the contract in question with evidence of the payment of the tax after the close of the evidence. The defendants assert that the reopening was

a gross abuse of discretion. The court, however, is of the opinion that it had the discretionary power and it was its duty to reopen the trial in the interest of justice. (*Asserson* v. *City of New York*, 195 App. Div. 12, 14; *Klein* v. *Sarnoff*, 83 Misc. 447, 449; *Champion Shoe Machinery Co.* v. *Landman*, 97 id. 642, 643; *Sturmer* v. *Econopouly*, 125 id. 819, 820.)

The court reserved decisions upon several objections and motions made upon behalf of defendants during the trial as to the reception of evidence and motions for dismissal of plaintiff's complaint. All of the objections are overruled and motions for dismissal are denied, with exceptions to defendants.

Subsequent to defendants' default plaintiff was obliged to and did pay out certain sums of money which had defendants carried out their contract they would have been obliged to pay, namely: Interest on mortgage to the Onondaga County Savings Bank for month of June, 1926, $16.66; interest on second mortgage held by Ellen L. Mitchell, $113.08, and city taxes of $74.48, amounting in all to the sum of $204.22, which should be added to $3,000, the amount which defendants agreed to pay plaintiff. The total sum for which plaintiff is entitled to a lien is the sum of $3,204.22, with interest on $300 from the 11th day of May, 1926, with interest on $2,700 from June 1, 1926, and interest on $204.22 from July 1, 1926, amounting in all on November 24, 1926, to $3,349.04.

Judgment may be entered upon findings made herewith, with costs to plaintiff. So ordered.