(83 Misc. Rep. 447)

## KLEIN v. SARNOFF.

(Supreme Court, Appellate Term, First Department.   December 30, 1913.)

1. TRIAL (§ 64*)—RECEPTION OF EVIDENCE—REBUTTAL.
    In an action for wrongful discharge, where plaintiff on rebuttal testified to new facts which tended to impair the defense, defendant is entitled, as a matter of right, to introduce evidence in contradiction.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 154, 155; Dec. Dig. § 64.*]

2. TRIAL (§ 67*)—RECEPTION OF EVIDENCE—REOPENING CASE.
    In the exercise of a wise discretion, the court, where no rights of the opposite party can by any possibility be prejudiced, should reopen the case to allow a party to introduce proof to supply an omission occurring through an oversight.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 157; Dec. Dig. § 67.*]

Appeal from City Court of New York, Trial Term.

Action by Mortimer M. Klein against Irving Sarnoff.   From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Goldfogle, Cohn & Lind, of New York City (Alfred D. Lind, of New York City, of counsel), for appellant.

Feltenstein & Rosenstein, of New York City (Moses Feltenstein and Abraham Rosenstein, both of New York City, of counsel), for respondent.

BIJUR, J.   [1] The action was brought for damages for an alleged breach of a written contract of employment.   Defendant claimed that plaintiff had been discharged because of failure to perform certain of his duties, namely, the "window dressing" of certain of defendant's stores.   Plaintiff in "rebuttal" testified to three new items of fact, the materiality of which was not questioned at the trial, and which tended to impair the defense.   He testified that prior to his discharge he had had a conversation with defendant, who told him that: "We are not making money.   We ought to try and reduce expenses."   This testimony was manifestly intended to throw doubt upon the good faith of defendant's claim that he had discharged defendant solely for failure to attend to his duties.   Plaintiff also testified, in substance, that he was employed not merely as a window dresser, but in order to impart to defendant his knowledge of what was called the "dollar and a half hat business."   The plain purport of this evidence was the same as the items first above mentioned, namely, to indicate that after defendant had learned what he desired from plaintiff, he discharged plaintiff, not for failure to perform his duties, but because he had obtained from him all that he wanted.   Plaintiff also testified that among his duties was the hiring and discharging of employés, and he mentioned one whom he had hired.   He also testified that he had duly performed his duties in regard to two stores other than those mentioned in defendant's direct evidence.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] It is quite clear that defendant was entitled, as matter of right, to meet this new matter brought out by plaintiff by evidence which he offered in direct contradiction of plaintiff's testimony, but he was denied the right to introduce such new evidence by the court below either as a matter of right or as a matter of discretion. He was also denied the right, after the case had been technically "closed," to supply an omission which occurred through his oversight, namely, proof that the plaintiff had received a bonus of $250, which was more or less involved in the issues at the trial. It is scarcely necessary to cite an authority for the rule that in the exercise of a wise discretion, where no rights of the opposite party can by any possibility be prejudiced thereby, a party should be allowed to reopen the case to supply such omission, particularly before any step has been taken to submit the case to the jury. The case of Howard v. Bank of Metropolis, 104 App. Div. 534, 536, 93 N. Y. Supp. 1042, is, however, illuminating on this subject.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.