JOSEPH ISRAEL, Appellant, *v.* LUKE A. BURKE & SONS COMPANY and JAMES J. BURKE, Respondents.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Contracts — provisions in building contract — breach of — subcontractor — actions — trial.

> A provision of a building contract that for a subcontractor's breach thereof the contractor might terminate the contract and use any materials, implements, etc., furnished by the subcontractor and then on the premises does not entitle the contractor to use them for the completion of the contract after ordering the subcontractor off the job.

> Where a subcontractor sues a contractor for a breach of the contract a judgment in plaintiff's favor is *res adjudicata* that he did not breach the contract in an action brought by him for the conversion of said tools and materials which under the contract defendant was entitled to use only in case plaintiff breached the contract.

> Where in the latter action plaintiff proved a breach of the contract on the part of the contractor through orders of its foreman in active charge of the work, and the sole surviving issue to be determined by the jury as between plaintiff and the individual defendant, said foreman, was whether he actively participated in the alleged conversion, plaintiff, before a decision upon a motion by the foreman for the dismissal of the complaint as to him, should have been permitted to reopen the case and prove the foreman's responsibility by the testimony of witnesses then in court.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of the defendants.

Arnold Lichtig, for appellant.

William F. Kimber (Francis E. Scott, of counsel), for respondent.

GUY, J. Plaintiff sued to recover the value of certain building materials and tools belonging to him, which he alleged had been converted by the defendants. Plaintiff and the defendant corporation entered into a contract on February 12, 1912, whereby plaintiff agreed to perform certain sheet metal and roofing work on a building in Staten Island, which contract was signed by James J. Burke on behalf of the defendant company. Plaintiff performed work under his contract until June, 1913, when he was ordered off the job by the defendant James J. Burke, who, plaintiff testified, had been in active charge of the work throughout the entire time. When ordered off the work plaintiff had materials and tools on the premises, the return of which was demanded by direct demand on the individual defendant Burke and upon others representing the defendant company, which demand was refused, and the materials and tools were subsequently used by the defendant company in the completion of the work.

Section 12 of the contract provides: " Should the party of the second part (the plaintiff) at any time refuse or neglect to supply a sufficiency of properly-skilled workmen, or of materials of the proper quality and quantity, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements on his part herein contained, the party of the first part (the company) shall be at liberty, after two days' written notice to the party of the second part, delivered personally or mailed or left at his residence or place of business, to terminate this contract, and may use any materials, implements, appliances or tools furnished by or belonging to the party of the second part and then on the premises, in continuing the work."

It was contended by the defendant-respondent on

the trial that under this provision of the contract defendant was entitled to use the tools and materials of plaintiff for the completion of the contract after plaintiff had been ordered off the job by the defendant; and in his charge to the jury directing a verdict in favor of both defendants the court based his direction in favor of the defendant company upon the construction of this portion of the contract urged by the defendant-respondent. In so construing the contract and in so directing a verdict in favor of the defendant company the learned trial court committed reversible error. Under said section of the contract the right of the defendant company to use the tools and materials of the plaintiff for the completion of the contract was made dependent upon a previous breach of contract on the part of the plaintiff in failing to supply a sufficiency of properly skilled workmen or of materials of the proper quality and quantity, or failure in any respect to prosecute the work with promptness and diligence, or failure in the performance of any of the agreements on his part. Breach of contract by plaintiff or failure to perform certain acts specifically set forth in paragraph 12 of the contract is made a condition precedent to the exercise by the defendant company of any dominion over or retention and use of the tools, appliances and material belonging to defendant. Not only is there an entire lack of evidence of any such breach or failure to perform by plaintiff, but it appears by the evidence that issue of fact has been judicially determined in an action in the Supreme Court between the same parties in this action, judgment therein being rendered in favor of this plaintiff, which judgment is *res adjudicata* and conclusive on that issue as between the parties to this action.

As to the individual defendant Burke, while there was some proof offered by plaintiff from which the

jury might infer an active participation by the individual defendant Burke in the conversion of plaintiff's property by the defendant company, the court, after plaintiff rested and the individual defendant Burke had moved to dismiss the complaint, stated that he did not think there was any direct evidence on that point. Before the motion to dismiss was decided the court said: '' I will consider the matter, and we will continue next Wednesday morning at half past nine after the call of the calendar.'' On Wednesday the trial proceeded, and defendant Burke renewed his motion to dismiss the complaint, whereupon plaintiff asked leave to reopen the case for the purpose of proving that when demand was made upon the individual defendant Burke, a few days after plaintiff was put off the job, he refused the demand and said the reason for his refusal was that the company had the right to use the materials under the contract, and that the plaintiff having breached his contract, as James J. Burke then claimed, the defendant company had the right to continue the use of said materials in the job, and refused to turn them over to the plaintiff, and said he would instruct their use in the completion of the job under the contract. In making this motion to re-open the case plaintiff's counsel stated that he had the witnesses present to prove these allegations. The learned court denied the motion, and an exception was taken by plaintiff. In denying said motion to re-open the case the learned court erred. The plaintiff having fully established by uncontradicted proof a conversion on the part of the defendant company, the sole issue remaining to be determined by the jury, as between plaintiff and the individual defendant Burke, was whether the individual defendant Burke actively participated in said conversion. '' Every person who personally or by agent commits an act of con-

version or who participates by instigating, aiding or assisting another is liable.'' *Passaic Falls Throw Co.* v. *Villenueve-Pohl Corp.*, 169 App. Div. 727. See also *McCrea* v. *McClenahan*, 131 App. Div. 247. Plaintiff had already proven that the individual defendant Burke was in charge of the job and, either directly or through subordinates, gave orders in connection with the work thereon, and the purpose for which plaintiff stated that he moved to re-open the case was to introduce further proof of the participation by the individual defendant Burke in the conversion of plaintiff's property, and, if permitted to be introduced, the proof that Burke stated that he would himself order plaintiff's materials to be used on the job would have been vitally material to the determination of that issue. The witnesses were present in court, the motion to dismiss had not been decided and the interest of justice required the granting of the motion. The learned judge in directing the jury to find a verdict in favor of both defendants specifically stated that he based his direction upon the absence of proof that the individual defendant Burke '' actively aided '' or '' participated '' in the conversion, which proof we must assume would have been presented had the plaintiff been permitted to re-open the case.

The judgment as to the defendant company must be reversed, with thirty dollars costs, and judgment directed in favor of plaintiff and against the defendant company for the amount demanded in the summons, with interest and appropriate costs in the court below, and a new trial ordered as to the individual defendant Burke, with thirty dollars costs to the appellant to abide the event.

BIJUR and SHEARN, JJ., concur.

Supreme Court, Appellate Term, November, 1916. [Vol. 97.

Judgment reversed as to defendant company, with costs, and new trial ordered as to defendant Burke, with costs to appellant to abide event.