CHAMPION SHOE MACHINERY COMPANY, Appellant, *v.* ALEXANDER LANDMAN, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Negotiable instruments — bills, notes and checks — default — mechanic's lien — demand when necessary.

A lease of a machine at a specified rent provided that when a certain amount of rent had been paid defendant might elect to become the owner of the machine upon giving notice to plaintiff. A series of notes for monthly payments provided that upon default the aggregate amount of the notes was to become due and that plaintiff might retake possession of the machine. Held, that in an action to foreclose a lien on the machine, upon default in payment of the notes, it was error to dismiss the complaint on the ground of failure of proof of a demand of payment of the notes, as the notes being payable at plaintiff's office no demand is necessary.

Even had such a demand been necessary plaintiff should have been permitted to reopen the case to question defendant, his only witness, in regard to a demand, since no rights of defendant were shown to be prejudiced.

Misc.] · Supreme Court, Appellate Term, December, 1916.

Appeal by plaintiff from a judgment of the Municipal Court, borough of Manhattan, second district, dismissing the complaint but not on the merits.

Blau, Zalkin & Cohen (Maurice Brandt, of counsel), for appellant.

Meyer Greenberg, for respondent.

Finch, J. There is no formal complaint. The action is one to foreclose a lien on a shoe stitching machine.

The defendant in July, 1915, made a contract with the plaintiff, which is in form a lease of the machine, providing that certain specified rent be paid by the defendant, with a provision that when there has been paid $525 rent, the defendant might elect to become the owner of the machine, and upon giving notice to the plaintiff the machine would become the property of the defendant. Notes were executed for twenty-nine monthly payments of rent, and it was provided that upon default the whole amount provided for in the notes was to become due, and the plaintiff might retake possession of the machine.

There was a default in the payment of the notes, and at the trial there was a balance due of $300. The only evidence given was the direct examination of the defendant called as a witness by the plaintiff. Plaintiff failed to put in any evidence of a demand for payment, and the court dismissed the complaint on that ground, holding that a demand was necessary. A demand was not necessary, because the notes were made payable at plaintiff's office. But even if a demand was necessary plaintiff's request to reopen the case so as to ask the defendant the one question in regard to a demand should have been allowed since no

Supreme Court, Appellate Term, December, 1916.   [Vol. 97.

rights of the defendant were shown to be prejudiced. *Klein* v. *Sarnoff*, 83 Misc. Rep. 447.

·For the foregoing reasons, the judgment is reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

LEHMAN and WHITAKER, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.