HENRY R. ASSERSON, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Second Department, January 7, 1921.

**Trial — motion after dismissal of complaint to open case and introduce new evidence.**

Where in an action by the assignee of a contractor to recover the amount unpaid on a municipal contract, an application by the plaintiff after the dismissal of the complaint to open the case and introduce in evidence the engineer's certificate was denied, and it appears that if said application had been granted the question as to whether or not the defendant was justified in retaining the whole or a part of the contract price as liquidated

damages for delay in the performance of the work, the only issue litigated in the case, could have been determined, the judgment dismissing the complaint and the order denying the plaintiff's motion to set aside said dismissal should be reversed and a new trial granted, although the granting or refusing of the plaintiff's application to open the case and introduce new evidence rested in the discretion of the trial justice.

APPEAL by the plaintiff, Henry R. Asserson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 18th day of February, 1919, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case, and also from an order entered in said clerk's office on the 11th day of February, 1919, denying a motion to set aside the dismissal of the complaint and for a new trial made upon the minutes.

The action was brought by the assignee of a contractor to recover the amount unpaid upon the contract price for work performed under a contract with the city. The performance of the work was conceded; the amount due the contractor under the contract price was not disputed; but the city deducted from the face of the contract price the sum of $4,787.50 for liquidated damages for delay in the performance of the work. The issue litigated was whether the city had the right, under the terms of the contract, to deduct this amount for damages for delay.

*Howard G. Wilson* [*John C. Wait* with him on the brief], for the appellant.

*William R. Wilson* [*John P. O'Brien, Corporation Counsel,* and *William B. Carswell* with him on the brief], for the respondent.

BLACKMAR, J.:

The plaintiff, as his complaint was formulated, assumed the burden of showing that the engineer's certificate, in accordance with which it was alleged that the city had deducted the penalty for delay, proceeded upon a misconstruction of the terms of the contract and was in certain respects unreasonable and arbitrary. The plaintiff introduced much evidence tending to show that his assignor was entitled to be credited with certain delays, and in two particulars, without considering them all, he

was correct. There was evidence tending to show that the change in the method of tamping the work, from ramming to flooding, and the change in the plan by eliminating the by-pass at Utica avenue, was, notwithstanding the letters that were introduced in evidence, made at the instance of the defendant, and that these changes caused delay in the final completion of the contract. As the evidence then stood, the jury might have found that the delay could not be charged to the contractor, and if the engineer's certificate did not give the contractor credit therefor, to that extent it did not conclude the plaintiff. The difficulty with the plaintiff's case, when he rested, was that the engineer's certificate had not been introduced in evidence. It was, therefore, impossible to determine whether or not the certificate was erroneous in this respect. When the plaintiff had rested his case, and the motion was made to dismiss, and the court had announced that the motion was granted, the question of the absence of the engineer's certificate was raised and was one of the causes assigned by the defendant for the dismissal of the complaint. The plaintiff's counsel thereupon offered to introduce the certificate in evidence. The trial justice denied his motion on the ground that the complaint had already been dismissed. Although granting or refusing an application to open the case and introduce new evidence rested in the discretion of the trial justice, yet we think the application should have been granted. If it had been granted and the certificate received in evidence, an intelligent disposition of the case could have been made and it could have been determined whether or not the defendant was justified in retaining the whole or a part of the contract price as liquidated damages for delay in the performance of the work.

I, therefore, recommend that the judgment and order be reversed and a new trial granted, with costs to abide the event.

JENKS, P. J., RICH, KELLY and JAYCOX, JJ., concur.

Judgment and order reversed and new trial granted, with costs to abide the event. Settle order before Mr. Justice BLACKMAR.