JOSEPH STURMER, Appellant, *v.* PETER ECONOPOULY and Another, Respondents.

Supreme Court, Appellate Term, Second Department, January 22, 1925.

**Trial — new trial — refusal of court to permit plaintiff to produce evidence to meet point raised by court, error, where defendants had not raised objection.**

The refusal of the trial court to permit the plaintiff to introduce evidence to meet an objection raised by the court as to the necessity of certain proof, the lack of which was fatal, in the opinion of the court, to recovery by the plaintiff, is reversible error, particularly where the objection had not been made by the defendants at any time during the trial and no application had been made to dismiss the complaint.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Fifth District.

*Oscar Levine,* for the appellant.

*Thomas A. McKennell,* for the respondents.

PER CURIAM:

Judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to appellant to abide the event.

The remarks of the trial court at the close of the case indicate that his decision in favor of the defendants was due to the fact that the plaintiff had not proved that his customer was able and willing to purchase on the terms claimed to have been agreed upon. This point had not been made by defendants at any time during the trial, and in fact no motion was made to dismiss the complaint. If defendants were willing to waive the necessity of such proof, the court might well have done so. Having raised the point, however, and having indicated that it was fatal to a recovery by plaintiff, the trial court should have granted plaintiff's application to be allowed to introduce proof to meet the objection. (*Klein* v. *Sarnoff,* 83 Misc. 447; *Champion Shoe Machinery Co.* v. *Landman,* 97 id. 642; *Asserson* v. *City of New York,* 195 App. Div. 12.)

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.