MORRIS OKA, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

First Department, May 29, 1925.

Insurance — accident and health insurance — action to recover benefit for total disability — verdict in favor of plaintiff against evidence — trial — after close of case defendant discovered proof of loss filed with another insurance company which contradicted plaintiff's claim — court should have reopened case to permit defendant to introduce said proof.

In an action to recover on an accident and health insurance policy for total disability claimed to have commenced on January 6, 1922, the verdict of the jury in favor of the plaintiff was against the weight of the evidence, since it appears by plaintiff's own evidence that he was not totally disabled until January 15, 1922.

The court should have reopened the case in order to permit the defendant to introduce in evidence a proof of loss filed by the plaintiff with another insurance company which contained contradictory statements and which was not discovered until after the close of the case.

APPEAL by the defendant, United States Fidelity and Guaranty Company, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 10th day of March, 1924, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Sixth District, in favor of the plaintiff, and affirming an order denying defendant's motion to reopen the trial before final determination.

*George J. Finnegan* [*William B. Shelton* of counsel], for the appellant.

*Abraham Wielar* [*Nathan Frank* with him on the brief], for the respondent.

MARTIN, J.:

This action on an accident and health policy issued by defendant to plaintiff was brought because of defendant's failure to pay plaintiff the stated weekly indemnity against total disability. The policy contains the following:

" Schedule II. Or, if ' such injury ' shall not result in any of the losses mentioned above, but shall independently and exclusively of all other causes, continuously and wholly disable and prevent the Insured from the date of accident, from performing any and every kind of duty pertaining to his occupation, the Company will pay him the weekly indemnity above specified for the period of such disability."

Plaintiff testified that on January 6, 1922, he fell while descending a stairway in a house where he had called while engaged in his occupation as a collector; that he received injuries which totally disabled him from continuing his work; and that he did no more work that day and for a number of days thereafter he was unable to continue his collecting work, though he endeavored to do so, being unable to walk.

A physician called by plaintiff testified that he could find no signs of injury on January 6, 1922, and that plaintiff complained of pains in his thighs and feet and in the pelvic region; and he continued: " Q. What did you find as a result of your test? A. I found the man was able to walk along the same as before, so I ordered him back to his work. Q. Do you know whether he went back to work? A. I think he did, but I don't know."

The doctor testified that on January 15, 1922, he found that the condition asserted by plaintiff on the trial prevented his engaging in his occupation; and that plaintiff could not walk around freely without pain.

The medical examiner for defendant testified that he had been told, by plaintiff, that plaintiff had attended to his work as a collector for seven days immediately following the accident.

One of the standard provisions of the policy reads:

" Notice of other insurance. 17. If the Insured shall carry with another company, corporation, association or society other insurance covering the same loss without giving written notice to the Company, then in that case the Company shall be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, and for the return of such part of the premium paid as shall exceed the *pro rata* for the indemnity thus determined."

Plaintiff admitted he was receiving forty dollars a week under other policies. The trial justice asked for a memorandum as to

the effect of said standard provision No. 17.   Thereafter in the course of consultations with a representative of another insurance company regarding the amounts it had paid to plaintiff, a proof of claim was uncovered which contained the following:

" 6. (B) State cause of disability.   Fell on stairs and was injured.

" 7. (A) When did the illness first begin that led up to your present disability?   January 6th, 1922.

" 8. (A) From what date has your disability prevented you from engaging in any occupation whatsoever for remuneration or profit?   January 15th, 1922."

The physician's certificate was made and signed by Dr. Maurice Freeman, called as a witness in behalf of the plaintiff.   In this statement Dr. Freeman said that his first visit to the plaintiff in connection with his disability was on January 15, 1922.

The certificate to the other insurance company sets forth that the plaintiff was suffering from orchitis.   Upon the trial Dr. Freeman testified positively that the plaintiff had no condition of orchitis, but was suffering from hydrocele.

The defendant's counsel had no knowledge at the time of the trial of the proof of claim or of the physician's certificate filed by the plaintiff with the other company.

The statement contained in both the verified proof of claim and the physician's certificate directly contradict the testimony given by the plaintiff and his doctor upon the trial.   They also support the defendant's contention that the plaintiff's disability did not begin the day on which he was injured, and they corroborate Dr. Freeman's testimony that the plaintiff was able to work after the accident on January 6, 1922.

Plaintiff was contradicted by his own doctor as to the injuries and the nature and extent thereof.

The doctor for the insurance company, who examined plaintiff on the 28th day of January, 1922, stated the result of his examination as follows:   " Q. What was the date of your examination? A. January 28th, 1922.   Q. Where was that examination held? A. At the place where he was residing on 112th Street, the number was 39 West 112th Street.   Q. Will you state the circumstances and conditions which you found upon that examination?   A. I found the plaintiff in his room with his underclothing on and lying on the bed.   I examined him subjectively and objectively.   By subjectively, I mean getting a history of his case and objectively as to what I saw.   Subjectively he told me that on January 6th, he had met with an accident from a fall and that as a result of that fall he had distress in the left thigh and the right side of his scrotum, testicle.   He referred to no other place of injury.   I asked him

with reference to what he did immediately after the accident and for some days succeeding the accident and he stated that he had for a period of six or seven days attended to his work as collector. I examined him with reference to his thigh and found no evidences of bruising. His right testicle was enlarged, not tender, excepting to a very slight degree, such tenderness as would obtain on ordinary pressure of the testicle. He had no fever, his pulse was normal, and in view of the history, the fact that this was a hardening of that testicle and that there was no special localized pain, and that there was no fever, and that there was no acceleration of his pulse, and that the man had told me that he had worked for six days following the accident, my diagnosis was a chronic orchitis or a chronic inflammation of that right testicle."

We believe that the verdict is clearly against the weight of evidence and that the judgment must be reversed for this reason. Moreover, we believe that the trial justice should have reopened the case.

Before it was decided, after all the testimony had been taken and the trial closed, the defendant discovered the very material and competent evidence in the form of a sworn statement by the plaintiff and the certificate of his doctor contradictory of his testimony, both of which had been submitted to another insurance company to support a claim based on the same injury.

Under the circumstances the court should have granted the application to have the case reopened in order to permit the defendant to produce this evidence, secured from the files of another insurance company.

In *Nugent* v. *Metropolitan Street R. Co.* (46 App. Div. 105) Mr. Justice MCLAUGHLIN said (at p. 110): "The object of a trial is to do justice, and whenever it is made to appear that one of the parties to the litigation has by fraud, connivance, conspiracy or any other dishonest act prevented his adversary from having a fair trial, then the court never hesitates to use the power which it possesses to rectify that wrong by vacating the judgment obtained and directing a new trial."

The determination appealed from and the judgment of the Municipal Court should be reversed and a new trial ordered, with costs to appellant in all courts to abide the event.

CLARKE, P. J., MERRELL and FINCH, JJ., concur.

Determination appealed from and judgment of the Municipal Court reversed and new trial ordered, with costs in all courts to the appellant to abide the event.