MOHAWK CARPET MILLS, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25201.)

Court of Claims, February 21, 1940.

*J. W. Ferguson* and *Coleman Taylor*, for the claimant.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr., Assistant Attorney-General*], for the defendant.

BARRETT, P. J.   This claim was filed for damages alleged to have resulted to claimant's premises from the overflowing of the waters of the Barge canal, caused by the accumulation of ice in the canal. The claim was tried during the period between March 6, 1939, and June 1, 1939, and the case closed.

A sharply-contested issue was whether it would have been practicable to have prevented the flood by dynamiting an ice gorge that had formed in the canal. Upon this question experts gave widely divergent opinions.

This is a motion by claimant to reopen the case to permit claimant to offer the evidence of Henry N. Clark, as set forth in his affidavit attached to and made a part of the motion papers. Briefly, it appears from the motion papers that Clark had used and directed the use of dynamite for blasting purposes for about four years; that it was his experience and observation that dynamite could be used effectively to remove ice gorges in the Genesee river and other streams; that, commencing on or about March 2, 1939, with the use of dynamite, an ice gorge in the river, consisting of about 2,000 feet and a stretch of ice extending for the distance of about two and one-half miles below the gorge, was broken up by the use of dynamite; the river at this place flows through a residential section of Rochester, N. Y., and no damages were caused by the blasting to any houses located on the banks of the river or to bridges, a power line and telephone wires located over the river. It is also stated that the cost of the work did not exceed $400; that it was done in about twelve hours and a flood was thereby prevented. Part of the papers also consist of an affidavit of one of the attorneys for claimant to the effect that on July 3, 1939, one of his expert witnesses called his attention to an article in the June, 1939, issue of the magazine *Explosive's Engineer*, written by Clark; that as a result thereof he contacted Clark and secured his affidavit; that the testimony which will be given by Clark is material and necessary to the claimant's case and will present a practical demonstration of the effective use of dynamite under such conditions; that Clark will testify that the gorge could have been removed within two days by the use of dynamite at a cost not exceeding $600. The State opposed the motion upon the grounds that the proffered evidence of Clark was available prior to the termination of the trial and should have been offered at that time; that the evidence is not material and necessary but is cumulative, immaterial and unnecessary, is not properly newly-discovered evidence, and is inadmissible in any event.

A trial should be diligently prosecuted and completed as quickly as a careful and complete presentation of the evidence will permit. The parties should be fully prepared to try their case without undue delay and to bring it to a close without unnecessary adjournments. Protracted trials result in needless expense, loss of testimony, confusion and in the delay of justice. Therefore, when the parties have been afforded an adequate opportunity to present their respective sides of the case, they will ordinarily be compelled to

abide by the determinations to rest. However, these rules are made to aid in the administration of justice and should not be permitted to obstruct it. If further testimony is necessary to complete the record the court should receive it, provided that the request therefor is warranted by the facts and there is no inexcusable fault or delay on the part of the party making such request. A motion to reopen a case for further proof after having been completed, but before judgment has been rendered, is addressed to the discretion of the court. If the proffered evidence, although cumulative, may materially aid in the presentation and determination of the case, the motion should be granted.

In the case of *Charles* v. *Schiebel* (128 Misc. 275; affd., 221 App. Div. 816) plaintiff brought an action to foreclose a vendor's lien, based upon a contract of sale of real property. Pursuant to section 250 of the Tax Law, executory contracts for the sale of real property under which the vendee has or is entitled to possession are deemed to be mortgages and are taxable at the amount unpaid on such contract. If the tax is unpaid, such a contract is not admissible. The court in this case permitted plaintiff, after the close of the evidence, to reopen the trial for the purpose of offering the contract with evidence of the payment of the tax. It was held that the court had the discretionary power and it was its duty to reopen the trial in the interests of justice.

In the case of *Asserson* v. *City of New York* (195 App. Div. 12) an action was brought to recover damages for breach of a contract. At the end of plaintiff's case the defendant moved to dismiss the complaint upon the ground that the engineer's certificate had not been introduced in evidence. Plaintiff's counsel thereupon offered to offer the certificate. The trial court denied his motion on the ground that the complaint had already been dismissed. It was held in the Appellate Division that the granting or refusing of the application to reopen the case and introduce new evidence rested in the discretion of the trial court, that the application should have been granted and that if it had been granted and the certificate received, an intelligent disposition of the case could have been made and it could have been determined whether or not the defendant was justified in retaining the whole or a part of the contract price and liquidated damages for delays in the performance of the work. The judgment below was reversed and a new trial granted.

In *Oka* v. *United States Fidelity & Guaranty Company* (213 App. Div. 746) plaintiff brought an action to recover a disability benefit based upon an insurance policy issued by defendant. After the testimony had been taken and the trial closed, but before the case was decided, the defendant discovered a sworn statement by the

plaintiff and the certificate of his doctor, contradictory to his testimony, both of which had been submitted to another insurance company to support a claim based on the same injury. The Appellate Division, in reversing the lower court, held that the application should have been granted and the case reopened to permit the production of the evidence.

In *Israel* v. *Burke & Sons Co.* (97 Misc. 371) plaintiff brought an action to recover damages for the conversion by defendants of certain building materials and tools. After the plaintiff rested the individual defendant moved to dismiss the complaint upon the ground that there was no direct evidence of his participation in the conversion. The court adjourned the case to consider the motion. Upon the adjourned day the motion to dismiss the complaint was renewed, whereupon the plaintiff asked leave to reopen the case to prove that said defendant had participated in the conversion. In making this motion to reopen the case plaintiff's counsel stated that he had the witnesses present to present his proof. The trial court denied the motion. The Appellate Term held that the trial court erred and that the interests of justice required that the motion be granted.

The testimony of Clark may aid materially in the presentation and determination of the case. It may be helpful to the court in its consideration of the opinions of the experts, being the result of his practical experience. The State will not be prejudiced if this testimony is admitted, as it will be afforded an adequate opportunity to answer and refute it or to produce similar testimony. The technical closing of the case should not be permitted to impede the claimant as it does not appear that the claimant has been dilatory or lax. On the reopening claimant will be confined to the testimony of Clark as set forth in the moving papers, so that the trial will not be unduly protracted. (*Stephens* v. *Fox*, 83 N. Y. 313.)

This motion is not considered as a motion for a new trial on the ground of newly-discovered evidence. Such a motion is ordinarily made after judgment has been entered. When a judgment is rendered the case is finally terminated except for review by higher courts, and the rights of the parties are determined and fixed and should not ordinarily be disturbed. Here the case has been completed but not decided. The reopening of a trial after judgment is governed by more stringent rules than this motion, which merely requests an opportunity to present further testimony before judgment is rendered.

An order may be submitted granting said motion and providing that the State may offer testimony in rebuttal or additional testimony of a similar nature, the time and place of the hearing to be fixed by the court.