JULIO GETTI, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32158.)

DELORES GETTI, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32159.)

Court of Claims, April 6, 1954.

*Saverio M. Flemma* for claimants.

*Nathaniel L. Goldstein, Attorney-General (David V. Seaman* of counsel), for defendant.

MAJOR, J. The above claims were filed for damages alleged to have resulted to claimants on June 28, 1953, while they were passengers in an automobile owned and operated by their son on New York State Route 29-A, when it struck a tree which had fallen across the highway during the day's storm.

These claims were tried on February 16, 1954, at Utica, New York, and, among other things, a sharply contested issue was whether the tree was decayed and rotten for a time prior to the accident, and did the State have notice of its condition?

At the conclusion of the trial, all parties " rested ", evidence was closed and the cases were left with the court for decision after the filing of briefs. To date, no briefs have been filed and no decision has been made.

The claimants' attorney made a motion, upon notice to the Attorney-General, which was returnable and argued on March 6, 1954, " for an order re-opening the trial of the above matter for the purpose of taking further testimony and fixing a time and place therefor   *   *   * ".

Briefly, it appears that the attorney for the claimants proposes to introduce in evidence additional photographs of the tree, and offer the testimony of another tree expert to show the condition of the tree. In addition, the claimants wish to produce witnesses to contradict the testimony of State's witness, Floyd James, division highway patrolman, and show that on many occasions prior to the accident, he was fully aware of the decayed and dangerous condition of the tree involved in the accident.

The State opposed the motion upon the grounds that the proffered evidence was available prior to the termination of

the trial, and should have been offered at that time; that none of the additional evidence which the claimants wish to offer is new or newly discovered, and that all of it was available to the claimants at the trial if they had been willing to go out and collect it; and that it would be only cumulative.

Ordinarily, a trial should be diligently prosecuted and completed as quickly as a careful presentation of the evidence will permit. An opportunity to present their cases has been given to both parties. Nevertheless, it is the duty of the court, where a decision has not been made, to hear the merits of the controversy, and co-operate with the parties in order to bring about justice, without lending too much attention to formalities and technicalities, except where necessary and required. Dictates of justice in these cases require that the claimants be given an opportunity to present their additional evidence. It may be helpful to the court and likewise give the claimants " their full day in Court ".

The State will not be prejudiced if the proposed evidence and testimony are admitted, as it will be afforded an adequate opportunity to answer and refute, or to produce similar testimony.

If these claims had been decided and judgments rendered upon the merits, the reopening of a trial would be governed by more stringent rules than this motion. Here, the case has been completed, but not decided. The claimants simply request an opportunity to present further testimony, and the court has the power to grant this relief. (Court of Claims Act, § 9, subd. 8; *Mohawk Carpet Mills* v. *State of New York*, 173 Misc. 319; *Sirico* v. *Four Wheels, Inc.*, 51 N. Y. S. 2d 425; *Leewood Hills, Inc.*, v. *New Rochelle Water Co.*, 255 App. Div. 883.)

The motion of the claimants to reopen for the receipt of additional evidence set forth in moving papers is granted. The State is granted equal opportunity of rebuttal. The time and place of the continuation of such trial is hereby fixed as May 4, 1954, at one o'clock in the afternoon, at Oneida County Court House, Utica, New York.

Submit order accordingly.