■ In the Matter of the VILLAGE OF ROSLYN HARBOR, Appellant, Relative to Acquiring Title to Real Property for Public Parking Purposes. HARRY BERGER et al., Respondents. (Action No. 1.) In the Matter of the VILLAGE OF ROSLYN HARBOR, Appellant, Relative to Acquiring Title to Real Property on Old Back Road for Highway Purposes. HARRY BERGER et al., Respondents. (Action No. 2.) — In a consolidated condemnation proceeding pursuant to article 14 of the Village Law (§ 306 *et seq.*), the Incorporated Village of Roslyn Harbor appeals from (1) the final decree of the Supreme Court, Nassau County, entered March 23, 1966, which, after a nonjury trial, over-ruled its objections and awarded $102,000 for claimants' damage parcel and (2) the order of said court, entered February 21, 1963, which confirmed a Special Referee's report as to the question of title and status of the portion of the damage parcel known as " Old Back Road "; the report contained a finding, *inter alia,* that " Old Back Road " was no longer burdened by a public highway use. Final decree and order affirmed, with one bill of costs. The questions relating to the abandonment of the public right of way in an old road and to the market value of the condemned parcel are treated accurately and thoroughly in the opinions and report of the learned Trial Justice and the learned Special Referee. We need say no more than that we agree with their disposition of those issues. There is an evidentiary issue and a related issue of statutory interpretation which require some exposition. The trial was concluded on June 11, 1965. On June 28, 1965 a conveyance was made of a parcel which had been each party's comparable sale No. 1 in their pretrial exchanges. Testimony concerning conveyances of that parcel prior to June, 1965 had been introduced at the trial. On July 2, 1965 a motion was made to reopen the trial for the purpose of introducing evidence of the June 28 sale. The motion was granted and the evidence was received and considered by the Trial Justice in making the award. The appellant village now claims error. The statute (Village Law, § 318-a, subd. 1) provides in pertinent part: " 1. Upon the trial, evidence of the price and other terms upon any sale, or of the rent reserved and other terms upon any lease, relating to any of the property taken or to be taken or to any other property in the vicinity thereof shall be relevant, material and competent, upon the issue of value or damage and shall be admissible on direct examination, if the court shall find (1) that such sale or lease was made within a reasonable time of the vesting of title in the village, (2) that it was freely made in good faith in ordinary course of business, and (3) in case such sale or lease relates to other than property taken or to be taken, that it relates to property which is similar to the property taken or to be taken; provided, however, that no such evidence shall be admissible as to any sale or lease, which shall not have been the subject of an examination before trial either at the instance of the village or of an owner, unless at least twenty days before the trial the attorney for the party proposing to offer such evidence shall have served a written notice in respect of such sale or lease, which said notice shall specify the names and addresses of the parties to the sale or lease, the date of making of the same, the location of the premises, the office, liber and page of the record of the same, if recorded, and the purchase price or rent reserved and other material terms; or unless such sale or lease shall have occurred within twenty days before the trial." Appellant argues that since the sale occurred after the trial was formally concluded, there was no compliance with the 20-day proviso of the statute. The weakness of this argument is that, once the discretionary decision to reopen the trial was made (*Tripi* v. *Stillwell,* 22 A D 2d 759; *Mohawk Carpet Mills* v. *State of New York,* 173 Misc. 319; 6 Carmody-Wait, New York Practice, pp. 719–722), the evidence of the June

sale thereby came to be introduced during the course of the trial and not after it, for, just as surely as the trial was formally concluded on June 11, it was formally reopened when claimants' July 2 motion to introduce additional evidence was granted. Subdivision 1 of section 318-a initially gives a Trial Justice discretion to determine that a comparable sale is reasonably related in time to the vesting date of the damage parcel. In this case the vesting date was agreed, by stipulation at the trial, to be the "trial date". Next, the proviso portions of the statute are designed to prevent surprise and simultaneously to insure that all relevant information on market value shall be available to the court. Thus, when the statute says no evidence of a comparable sale is admissible unless there has been an exchange of comparable sale lists before trial *or* unless the sale occurs "within twenty days before the trial", the word "trial" must encompass within its meaning the entire period of the trial. Otherwise, the desire to include all the latest information would be frustrated, particularly in the area of condemnation proceedings where trials frequently must be adjourned. Additionally, the statute could have been drafted with the more restrictive meaning of "up to the opening day of the trial" if that was what the Legislature intended. Since it does not so read, we give it the more comprehensive, more practical and, in our opinion, more reasonable interpretation. Here there was a clear showing of relevance, materiality and timeliness. Conversely, there was no showing of prejudice or surprise to appellant. For the reasons stated, we conclude that the ruling to admit the evidence of the most recent comparable sale was correct. (For prior related appeal, see *Matter of Village of Roslyn Harbor v. Berger*, 19 A D 2d 793.) Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.