Bebteam Habnett, J.
Is a case without end?
This action by a judgment creditor and a Federal bankruptcy trustee to set aside an allegedly fraudulent conveyance of a residence was tried before the court without a jury. On April 12, 1971, at the conclusion of plaintiff’s proof, after the plaintiffs rested, the defendants moved to dismiss the complaint for failure of proof and also rested their case. In an oral decision, the court granted judgment in favor of the defendants. Then, in a subsequent memorandum decision dated April 20, 1971, the court set out in full the grounds for granting the motion.
*750 It was particularly significant and striking at the trial that the plaintiffs had offered no proof whatever as to the value of the premises conveyed, thereby wholly failing in proof that the consideration paid was inadequate, a major component of the ease.
Although the decision of the court directed judgment to be settled before the court on notice, a judgment was inadvertently entered by the County Clerk on April 22, 1971. By short form order dated May 11, 1971, the court vacated that judgment. A subsequent proposed judgment, submitted by the defendants, has not yet been signed by the court due to the interposition of this motion by plaintiffs to reopen the trial in order to permit the introduction of proof as to the value of the residence.
The applicable statutory provision is CPLR 4404 (subd. [b]), which states that: “ After a trial not triable of right by a jury, upon the motion of any party * * * the court may set aside its decision * * * make new findings of fact or conclusions of law, with or without taking additional testimony ”. The motion must be made within 15 days after the filing of the decision of the court. (CPLR, 4404; Bernstein v. Swidunovich, 44 Misc 2d 728.) This motion, returnable on the 15th day after the memorandum decision, is therefore timely made. Whether the relief is to be granted lies within the discretion of this court, to be exercised in the interests of justice. (McCarthy v. Port of N. Y. Auth., 21 A D 2d 125.)
This is not a case such as Tripi v. Stillwell (22 A D 2d 759) where the plaintiff’s motion to reopen the testimony was made before any offer of proof by the defendant and before the decision of the court. (See, also, Iulio v. Ford Motor Co., 31 A D 2d 820; Mohawk Carpet Mills v. State of New York, 173 Misc. 319; Matter of Baruch, 131 N. Y. S. 2d 84.)
Neither is this a case where the plaintiff makes his motion in open court during the trial, with the additional proof immediately available. (See, Felice v. Gershkon, 34 A D 2d 1008; Central Islip Coop. G.L.F. Serv. v. Tsantes, 17 A D 2d 852; Asserson v. City of New York, 195 App. Div. 12; Schottenfeld & Sons v. Kasabali, 5 Misc 2d 562.)
Finally, this is not a case where a plaintiff seeks to reopen the proof to present newly discovered evidence of which he could not reasonably have been expected to know at the original trial. (Jozwiak v. Jozwiak, 286 App. Div. 1128; Oka v. United States Fid. & Guar. Co., 213 App. Div. 746.)
In this case, the plaintiffs presented what they felt at the time was a complete case. At the conclusion of that presentation, apparently secure in their belief that they had fully pre *751 sented all the necessary proof, they rested. The defendants moved to dismiss and rested. The oral decision of the court, and the subsequent memorandum decision, each set forth the specific respects in which the plaintiffs failed in their proof. Now, having the benefit of a ruling from the court, the plaintiffs, some weeks after the completion of the trial, seek to reopen the trial to supply the various elements omitted. In effect, they seek to transform the ruling of the court into an advisory opinion on the progress of their case.
There must, at some time, be an end to litigation. In the interests of the parties, the court, and justice, cases must be presented in an orderly manner, and, once commenced, should be expeditiously completed. Before the trial, plaintiffs were asked by the court whether they intended to call a real estate broker as an expert witness as to value. They were also on notice that the defendants intended to produce such experts on the defendants’ case, if the occasion arose, and defendants’ witnesses were present during the trial. To permit plaintiffs, at this late date, to reopen the case to fill in the gaps in proof which they created at the trial would work an imposition on the public, the court and to the defendants, and the court will accordingly deny this motion. (Kram v. Manufacturers Trust Co., 238 App. Div. 680.)
If the plaintiffs were to prevail on this motion, it would mean a case never ends so long as someone wants to add more proof. Here, the value of the residence was the central issue, fully discussed in conference, and proof as to it was at all times patently necessary and easily available. Consider that another question involved the bona fides of the sale itself. The court ruled that plaintiffs did not carry this burden of proof either, failing to call as a witness an integral party of the challenged transaction (the wife’s father) or an attorney upon whom certain testimony centered. After this decision, will plaintiffs want another chance, this time to add another witness or two on the bona fides point? Will it end? Do not the interests of justice require that this case end? (See, Rohrmayr v. City of New York, 33 A D 2d 920; Saracino v. City of New York, 30 A D 2d 853, affd. without opn. 23 N Y 2d 938; MacCormack v. Brooklyn & Queens Tr. Corp., 266 App. Div. 735.)