■ OREGON LEOPOLD DAY CARE CENTER ASSOCIATION, INC., Appellant, v DI MARCO CONSTRUCTORS CORPORATION, Formerly Known as DI MARCO HOMES, INC., Respondent, et al., Defendant. (Appeal No 1.) — Order unanimously affirmed, without costs. Memorandum: Plaintiff commenced this negligence action to recover for damages to its building caused by an electrical fire on August 24, 1982. The complaint alleged that, while renovating the building in August of 1971, the defendant general contractor, Di Marco Constructors Corporation (Di Marco), and defendant subcontractor, Jade Electric, Inc. (Jade), negligently installed an electrical outlet where the fire originated.

Special Term properly granted summary judgment in favor of DiMarco since plaintiff's affidavits were conclusory and failed to raise a triable issue as to whether Di Marco directed the manner, means or method of Jade's activities (*Moore v Wills, Inc.,* 250 NY 426; *Uppington v City of New York,* 165 NY 222; *Horn v State of New York,* 31 AD2d 364; *Matter of Mace v Morrison & Fleming,* 267 App Div 29).

Judgment as a matter of law was properly granted to Jade at the close of plaintiff's proof since the expert testimony neither established a prima facie case of negligence directly nor under the doctrine of *res ipsa loquitur* (*Digelormo v Weil,* 260 NY 192; *Abbott v St. Luke's Mem. Hosp. Center,* 38 AD2d 176; cf. *Manley v New York Tel. Co.,* 303 NY 18).

Further, Special Term properly denied plaintiff's motion to reopen the case because plaintiff moved only after the court ruled on defendant's motion for judgment (*Cone Mills Corp. v Becker,* 67 Misc 2d 749; cf., also, *Grossbaum v Dil-Hill Realty Corp.,* 58 AD2d 593) and plaintiff neither identified the witness nor the curative proof the witness would supply (*Hansen v City of New York,* 274 App Div 196, affd 299 NY 136; cf., also, Siegel,

NY Prac, § 402, p 530). (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — summary judgment.) Present — Dillon, P. J., Doerr, Green, Moule and Schnepp, JJ.