WORLD EXHIBIT CORPORATION, Plaintiff, *v.* CITY BANK FARMERS
TRUST COMPANY, as Trustee under a Certain Supplemental
Trust Agreement with Prudence-Bonds Corporation, Defend-
ant.

Supreme Court, Special Term, Kings County, November 23, 1945.

*Nathan H. Elman* for plaintiff.

*Milton Loewe* for defendant.

SMITH, J.  Action for specific performance of a contract for the sale of real property with abatement in the purchase price. The claim for abatement is predicated upon a partial destruction of the premises by fire which occurred after the making of the contract but before delivery of the deed.  The property involved consists of a tract of land situated in the Coney Island section of the city of New York and contains a private amusement park thereon known as " Luna Park ".  Plaintiff brings the action as assignee of the vendee.

The contract in question was executed on July 25, 1944.  Concurrently therewith, the vendee made a down payment of $60,000 on account of the full purchase price of $275,000.  The closing of title was set for September 15, 1944.  It was provided in the contract, in the event of the vendor's inability to convey marketable title or otherwise to comply with the agreement, that its obligation would be limited to a refund of the moneys paid under the contract and the expense incurred by the purchaser for a title search.  Another provision therein is the following: " The risk of loss or damage to said premises by fire, until the delivery of said deed, is assumed by the seller."

On August 12, 1944, a fire occurred on the property resulting in substantial damage.  The parties concede that the fire destroyed 40% of the buildings and improvements; that the property so destroyed was the source of 50% of the gross income of the amusement park, and that it occurred without the fault of either party.  It may be stated at this point that ultimately the vendor received from various insurance companies the sum of $153,000 as compensation for the fire loss.

The closing of title, which as above noted had originally been set for September 15, 1944, was adjourned by stipulation to September 29, 1944. On the latter date plaintiff tendered the balance of the purchase price upon condition that an abatement be made to the full extent of the fire damage. The vendor refused to allow any abatement, rejected the tender and, for its part, insisted upon performance in accordance with the terms of the contract. As an alternative, the vendor offered to return the $60,000 down payment. This offer, however, was rejected by the vendee.

The evidence also discloses that at the time of the execution of the contract to sell, the original vendee was occupying the premises as tenant under a lease, pursuant to which it had covenanted, among other things, to make certain repairs. In its capacity as tenant the said vendee continued in possession of the premises until October 19, 1944. On that date it abandoned the property without having made any repairs to the portion damaged by the fire. Thereupon the vendor resumed possession of the property. Between September 1, 1944, and October 20, 1945, the vendor received income from the property amounting to $8,500, but between such dates it also incurred operating expenses totaling $51,246.21, which sum it seeks to charge herein against the plaintiff.

The parties have conditionally stipulated, if the court shall decree specific performance with an abatement, that such abatement shall be in the sum of $140,000 exclusive of any claim asserted by the defendant with respect to the operating expenses mentioned above.

It is a generally recognized tenet of equity that a vendee, in a proper case, may have specific performance with an abatement in the purchase price where the vendor is unable to convey the quantity of the estate originally agreed upon (*Feldman* v. *Lisansky*, 239 N. Y. 81; Restatement, Contracts, § 365). This principle of equity was applied in 1923 by the Appellate Division of this Department in the case of *Polisiuk* v. *Mayers* (205 App. Div. 573). The factual situation therein disclosed was very similar to the one here presented. There, as here, the property to which the contract related was destroyed by fire between the time of the execution of the contract and the time set for performance. The contract there also included a provision placing upon the seller the risk of loss or damage by fire until delivery of the deed. In the vendee's action for specific performance with an abatement, it was held that the destruction of the property did not cancel the contract and that the vendee was entitled

to specific performance with a compensating abatement for the loss due to the fire. (See, also, *Listman* v. *Hickey,* 65 Hun 8, affd. 143 N. Y. 630.)

Defendant asserts, however, that by reason of the enactment in 1936 of section 240-a of the Real Property Law (L. 1936, ch. 731), plaintiff cannot invoke the rule as applied in the *Polisiuk* case (*supra*), that by virtue of such section the plaintiff is precluded from seeking specific performance with an abatement in the purchase price. Insofar as that section may be deemed material herein, it provides as follows: " 1. Any contract hereafter made for the purchase and sale or exchange of realty shall be interpreted, unless the contract expressly provides otherwise, as including an agreement that the parties shall have the following rights and duties: (a) When neither the legal title nor the possession of the subject matter of the contract has been transferred to the purchaser: (1) if all or a material part thereof is destroyed without fault of the purchaser or is taken by eminent domain, *the vendor cannot enforce the contract,* and the purchaser is entitled to recover any portion of the price that he has paid * * *." (Emphasis added.)

In my opinion the foregoing provision may not be deemed preclusive of a vendee's right to maintain an action of the present character. I am of the view that the provision was intended primarily to shield a vendee from the rule of equity, pursuant to which a vendor could compel specific performance without abatement in a case where the property was damaged or destroyed by fire after the making of a contract but before delivery of the deed. The situation which the statute was intended to relieve is illustrated by the case of *Sewell* v. *Underhill* (197 N. Y. 168). Clearly the provision was not intended to be invoked at the instance of a vendor. The language of the statute appears to be too plain to admit of any obscurity as to its import. It specifically enjoins a vendor from resorting to specific performance in the particular circumstances therein enumerated. Defendant's contention that the section should be interpreted so as to place the vendee under similar disability is at variance with its obvious intent. Had the Legislature intended to restrict a vendee in the same manner as a vendor, it could readily have inserted a provision in the statute to such effect. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 240, and annotations thereunder.)

The foregoing section is also inapplicable for a further reason. As is apparent from its context the section does not become operative where " the contract expressly provides otherwise ".

I have heretofore indicated that the instant contract expressly provided that the risk of loss or damage by fire was to be assumed by the seller until delivery of the deed.

Due consideration has been given to the defense of impossibility to perform in accordance with the terms of the contract. Since it is my view, however, that the remedy of specific performance with abatement is a proper one herein, I find that this defense is without substance. As to the defense of laches, the interval of approximately eight months between the accrual of the cause of action and its actual commencement cannot be deemed to be an unreasonable one under the circumstances hereof.

Any possible claim which the vendor may have for the alleged breach of covenant to make repairs, under the lease to which I have adverted in the foregoing, may not properly be litigated herein. As to such claim, however, the determination herein is of course without prejudice to the institution of any action at law of which the vendor may be advised. Likewise the expenses of the defendant in connection with the operation of the premises subsequent to the time fixed for the transfer of title may not be charged to the plaintiff. The incurrence of these expenses could have been obviated by defendant's timely performance of the contract.

Under all the circumstances of the case, I am of opinion that specific performance with an abatement will not result in any hardship to the defendant. The loss which it sustained as a result of the fire has been counterbalanced by the proceeds accruing from the insurance policies. Indeed, the moneys so received by defendant actually exceed the amount of the abatement. Specific performance is, therefore, decreed with an abatement in the purchase price in the agreed amount of $140,000. The counterclaim for a declaratory judgment is dismissed upon the merits. Submit judgment on notice.