Arthur D. Brennan, J.
The plaintiff brings this action for specific performance of a contract for the sale of certain real property, with an abatement by reason of a fire which resulted in the complete destruction of the dwelling erected thereon and furnishings contained therein. The said fire and the aforesaid destruction occurred between the date of the execution of the contract and the date of closing. Possession of the subject property was not transferred to the purchaser prior to the fire and the aforesaid contract was silent with respect to the rights of the parties thereto in the event of a total or substantial or partial destruction by fire. Under these circumstances the provisions of section 240-a of the Beal Property Law would be applicable. It has been held, however, that the said provisions of the cited section do not deprive the purchaser of his common-law right to specific performance with an abatement. (World Exhibit Corp. v. City Bank Farmers Trust Co., 186 Misc. 420, affd. 270 App. Div. 654, affd. 296 N. Y. 586; Rizzo v. Landmark Realty Corp. 277 App. Div. 1094). The parties hereto concede that the plaintiff is entitled to a decree of specific performance with an abatement in the purchase price. The only issue presented is the manner and method of determining the amount of the abatement. While the plaintiff concedes that he is not entitled to the proceeds of the fire insurance collected by the defendants (which proceeds, incidentally, were in excess of the contract price of the entire improved parcel with the furnishings contained in the dwelling thereon) nevertheless, he contends that the abatement which he seeks should be measured by the rule which applies in the case of a fire loss, to wit, the reproduction or replacement cost of the dwelling and personal property, less depreciation; however, he concedes that such abatement should not, in any event, exceed the contract price. In support of this contention, the plaintiff urges that it would be fair and equitable for him to have an abatement based on this manner and method in view of the fact that the defendants successfully adopted said manner and method of valuing the destroyed property in their claim for the insurance proceeds. On the other hand, the defendants contend that the purchase price should be abated to a sum equal to the fair and reasonable market value of that which still remains, namely, the land together with the remaining improvements (a boathouse and a garage).
Besearch by the able counsel in this case and by this court has not disclosed any case in this State wherein the question herein presented has been determined by a specific formula. True it is that in the circumstances here present, a purchaser *452 is not entitled to the proceeds of fire insurance purchased and maintained by the seller alone. (Brownell v. Board of Education, 239 N. Y. 369.) Nor has an insurer, obligated by its contract of insurance to pay for a fire loss on the basis of reproduction cost less depreciation, been permitted to claim that such loss be partially reduced because the insured contracted to sell realty for a particular price and thereafter collected a substantial sum under a condemnation award for the subject premises. (Rosenbloom v. Maryland Ins. Co., 258 App. Div. 14.)
Bearing in mind these principles and upon a consideration of the equities which should prevail in a situation as is here present, it is this court’s opinion that where a substantial destruction has occurred, the purchaser’s right to specific performance of the remainder should be conditioned upon his payment of the fair and reasonable market value of said remainder. Of course, if the purchaser is able to demonstrate that at the time the contract was entered into, the entire premises had a fair market value in excess of the contract price, then such excess would constitute a profit on his bargain and he should be entitled to have an allowance for such profit by deducting from the fair and reasonable value of the remainder a sum equal to the lost profit which he has thus established. These views find support in rules enunciated in the case of Phinizy v. Guernsey (111 Ga. 346), which rules, in this court’s view, appear equitable, logical and persuasive.
In the case at bar, the plaintiff offered proof of reproduction cost of the destroyed dwelling less depreciation thereof, by the testimony of the insurance adjuster and by a builder who estimated the value by the cubic content method less an annual percentage of depreciation. In addition, said plaintiff offered proof as to the said reproduction cost less depreciation as claimed by the defendants when they sought to recover the insurance proceeds. This court is not impressed with the aforesaid testimony nor with the method by which the said witnesses (for the plaintiff) arrived at the value which they fixed for the subject building and which value was far in excess of the total contract price specified in the contract between the parties hereto. Moreover, there was no proof adduced by the plaintiff as to the amount by which the subject dwelling (before its destruction) enhanced the value of the land. Nor was there any credible evidence that the said dwelling, in the design and condition in which it existed on the date of the contract, was suitable to and desirable for the land and the location of the latter. Further, the plaintiff presented no testimony by any appraiser as to the fair market value of the entire premises on the date of the con *453 tract. This court finds that the plaintiff failed to establish that on the date of the said contract between the parties hereto, the fair and reasonable market value of the entire improved parcel was greater than the price specified in said contract.
On the other hand, the defendants proved by a competent and well-known appraiser and this court finds that the fair and reasonable market value of the land and the improvements which remained thereon after the fire, was in the sum of $15,000. In these circumstances, specific performance will be decreed upon the purchaser paying the sum of $15,000 against which he shall receive a credit for the down payment made by him under the subject contract.
The foregoing shall constitute the decision of this court pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.